# IN RE PYLE.

(No. 5,707.)

(Submitted March 9, 1925. Decided March 11, 1925.)

[234 Pac. 254.]

*Habeas Corpus—Intoxicating Liquors—Res Adjudicata—Doctrine Inapplicable—Information—Separate Counts—Cumulative Sentences—Fine and Jail Sentence—Judgment.*

*Habeas Corpus*—Doctrine of *Res Adjudicata* Inapplicable.
   1. The doctrine of *res adjudicata* does not apply in *habeas corpus* proceedings, but the complainant may make successive applications for the writ until the judicial power of the state has been exhausted.

Same—Scope of Inquiry on Application for Writ.
   2. The scope of inquiry on application for writ of *habeas corpus* by one convicted of crime is whether the court had jurisdiction to enter the judgment complained of and issue commitment thereon.

Intoxicating Liquors—Information—Separate Counts—Cumulative Sentences Authorized.     ·
   3. In a prosecution for violations of the liquor law charged under separate counts in one information, the court may impose cumu-

---

   1. Order in *habeas corpus* proceedings as *res judicata,* see notes in 1 Ann. Cas. 260; 11 Ann. Cas. 129; Ann. Cas. 1916D, 506.

[72 Mont. 494.]

lative sentences on the several counts on which the defendant is
adjudged guilty.

Same—Fine—Jail Sentence—Judgment *Held* not Ambiguous.

4. A judgment that defendant convicted on three counts of the
information charging violations of the liquor law pay a fine of
$200 and serve sixty days in the county jail on each count, and
that if the fines be not paid, "he serve them out" at the rate of
one day for each two dollars of the fines, *held* not uncertain or
ambiguous, it meaning that he be imprisoned for a total of 180
days, and serve one day for each two dollars of the fines aggre-
gating $600.

APPLICATION for writ of *habeas corpus* by Eddie Pyle. Writ
quashed.

*Mr. Frank Arnold*, for Complainant, submitted a brief and
argued the cause orally.

*Mr. L. A. Foot*, Attorney General, and *Mr. A. H. Angstman*,
for the State, submitted a brief; *Mr. Angstman* argued the
cause orally.

MR. JUSTICE GALEN delivered the opinion.

Upon application made to this court March 4, 1925, a writ
of *habeas corpus* was on that day issued by the court and
made returnable before me. The attorney general has ap-
peared on behalf of the state by motion to quash, and has
filed a return to the writ. There are no issues of fact.

From the files and records of this court it appears that
on the fourteenth day of February, 1925, an application for
a writ of *habeas corpus* was made by the prisoner to this
court, upon the same facts, and that a writ was on that day
regularly issued by the Chief Justice, returnable before Honor-
able William L. Ford, district judge of Broadwater county,
and that on February 25, 1925, after hearing, the writ was
dissolved by Judge Ford.

It appears that, by information filed in the district court
of Park county, on March 8, 1924, one Eddie Pyle was charged

4. Sentence of imprisonment until fine is paid, see note in 12
Am. St. Rep. 202.

in four counts with the crime of misdemeanor, consisting of the unlawful sale and possession of intoxicating liquors. The first and third counts charge unlawful sale of liquor on January 23, 1924, and the second and fourth counts charge the unlawful possession of liquor on the same date. Upon his plea of "not guilty" the accused was regularly tried by a jury, which on November 19, 1924, returned its verdict of "guilty as charged in the information," upon the first three counts thereof, leaving the punishment to be fixed by the court. Thereafter, on November 25, 1924, judgment was regularly made and entered on the verdict, whereby it was adjudged "that the said Eddie Pyle pay a fine of two hundred dollars ($200) on each of the first three counts in said information and that he serve sixty (60) days in the county jail on each of the first three counts in said information, and that if the fines are not paid, that he serve them out at the rate of one day for each two dollars ($2) of said fine." Commitment was regularly issued commanding the sheriff to execute the judgment, and that the defendant be required to "serve in the county jail one day for each two dollars (2) of said fines."

It is the contention of the prisoner on the merits that the judgment of the court is concurrent as to imprisonment on the different counts upon which he was found guilty and that the fines imposed are not sufficiently definite, in that from the judgment it does not appear that the prisoner *is required to be imprisoned in the county jail* in default of payment of the fines, one day for each $2 of the fines, after the expiration of the prison sentence. At the outset, the attorney general contends that the decision of Judge Ford is *res adjudicata* and constitutes a bar to this proceeding, and that since the writ was heretofore issued by the Chief Justice of this court, returnable before Judge Ford, who has rendered his decision thereon, this court is without authority to issue a second writ based on the same facts.

The contention of the attorney general will first be briefly [1] considered and disposed of. It is my opinion, under our

statutes, that the doctrine of *res adjudicata* has no application in *habeas corpus* proceedings. A decision on *habeas corpus* by one court does not constitute a bar to another proceeding of the same character in another court having jurisdiction, and the fact that a Justice of this court has once issued a writ, returnable for hearing before a district judge, does not, after decision by the district judge, divest this court of jurisdiction to entertain a second application, issue the writ, and make it returnable before another district judge, or one of its members or before the court itself. No appeal is permitted in *habeas corpus* cases, and successive applications for the writ may be made until the judicial power of the state has been exhausted.

The scope of inquiry is limited to the jurisdiction of the [2] court in pronouncing its judgment and the validity of the judgment or commitment under which the prisoner is restrained of his liberty.

I cannot go behind the judgment, and I must first make determination alone of the question whether the court had jurisdiction to enter the judgment complained of and to issue commitment thereon. If it did, then is the judgment and the commitment valid and sufficiently specific to be executed? The judgment is that the prisoner "serve sixty days in the county jail on each of the first three counts in said information * * * and that if the fines are not paid that he *serve them out* at the rate of one day for each two dollars of said fine."

Section 11078 of the Revised Codes of 1921 permits separate [3] offenses for violation of the liquor laws to be united in separate counts in one information against a person accused, and authorizes trial of the defendant on all at one trial and the imposition of the penalty for all offenses committed. When this section was adopted in 1921, we then had and now have a statute enacted in 1895, reading as follows: "When any person has been convicted of two or more crimes before sentence has been pronounced upon him for either, the imprison-

ment to which he is sentenced upon the second or other subsequent conviction must commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be." (Sec. 11596, Rev. Codes, 1921.) It must be held that the lawmakers had in mind existing laws respecting cumulative sentences at the time of the enactment of section 11078, and, accordingly, that section 11596 was to be made applicable in liquor cases as well as others. It is the only direct legislative utterance upon the subject, and must be held applicable in the absence of independent statute indicating a different course in prohibition cases. Such being the case, I hold it was within the court's province to impose a cumulative sentence on the several counts of the information, on which the defendant was adjudged guilty, and that it did so.

Now as to the question of the definiteness of the fines attempted to be imposed. The county jail of Park county is designated as the place of imprisonment in expiation of the prison sentences, and, as respects the fines imposed, if the fines be not paid, it is ordered that the defendant *"serve them out* at the rate of one day for each two dollars of said fine." Can any doubt exist as to where or how the prisoner is to satisfy the fines imposed in default of payment thereof? I think not. It is ordered that he be imprisoned in the county jail of Park county, and the commitment is directed to the sheriff of that county for execution. The sheriff is clearly commanded to imprison the defendant for definite cumulative terms, and as to the fines, in default of payment thereof, the sheriff is required to see to it that the prisoner "serves them out at the rate of one day for each two dollars."

The statute authorizes imprisonment not exceeding "one day for every two dollars of the fine" (sec. 12069, Rev. Codes 1921), and in this case the judgment requires that, if the fines are not paid, the defendant be required to "serve them out." This language cannot be misunderstood. It clearly

means continued imprisonment in satisfaction of the fines imposed. The commitment commands the sheriff, in default of payment of the fines, "that the defendant, Eddie Pyle, serve in the county jail, one day for each two dollars of said fines." The judgment and commitment are sufficiently clear and leave no doubt as to that which is required of the sheriff. Both are authorized by law. The court acted within its jurisdiction in rendering the judgment, and the same is in all respects regular and valid on its face.

Taking the commitment by its four corners and reading its contents, the sheriff is not left in doubt as to that which he must do, nor from the language employed can there exist doubt in the prisoner's mind as to what is required. He is to be imprisoned "sixty days in the county jail *on each* of the first three counts" of the information, *i. e.*, a total of 180 days; and if the fines imposed aggregating $600, be not paid, he must *serve them out* by imprisonment in the same jail at the rate of one day for each two dollars of the fine. I find no uncertainty or ambiguity in either the judgment or the commitment.

As the term of imprisonment, specified in the commitment, has not yet expired, and no part of the fines imposed have been paid, the prisoner is lawfully detained and restrained of his liberty, and it is ordered that the writ be quashed.

*Writ quashed.*