**Billy EVANS, Petitioner,**

v.

**Charles WOLFF, Warden, Nevada State Prison, Respondent.**

**No. CV 77–5–GF.**

United States District Court,
D. Montana,
Great Falls Division.

March 14, 1977.

Billy Evans pro se.

OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

The petition for a writ of habeas corpus is denied.

Petitioner Billy Evans, convicted in Montana on a plea of guilty to the crime of mitigated deliberate homicide, now claims that his plea was involuntary and was produced as a result of ineffective counsel and a broken immunity bargain. Petitioner is now incarcerated in the Nevada State Prison pursuant to the Western Interstate Corrections Compact. R.C.M. 1947 § 95–2308. In his efforts to secure postconviction relief, he finds himself in a procedural morass.

He first filed a petition for a writ of habeas corpus in Cascade County District Court, the court in which he was convicted. The District Court of Cascade County entered the following order:

\*  \*  \*  \*  \*  \*

2. The Motion for appointment of counsel is DENIED, the defendant being imprisoned in the State of Nevada, and has a remedy to have counsel appointed by the Federal Court in said state, and to apply for writ of habeus (sic) corpus in said state.

3. The Motion for Writ of Habeus (sic) Corpus is DENIED.

\*  \*  \*  \*  \*  \*

Petitioner then filed a petition for a writ of habeas corpus in the United States District Court for the District of Nevada. That court properly transferred the petition to the United States District Court for the District of Montana.

The petition is here denied because the petitioner has not exhausted his state remedies as required by 28 U.S.C. § 2254.

R.C.M. 1947 §§ 95–2701, *et seq.,* dealing with the writ of habeas corpus, makes no provision for an appeal to the Montana Supreme Court from an order of the district court denying a petition for a writ of habeas corpus. However, Mont.Const. of 1972, art. VII, § 2, provides, as does R.C.M. 1947

§ 93–214, that the Montana Supreme Court has original jurisdiction "to issue, hear, and determine writs of habeas corpus." While there is no appeal[1] from the denial of a writ of habeas corpus the purpose of which is to secure a release from custody (*State ex rel. Jackson v. Kennie*, 24 Mont. 45, 60 P. 589 (1900)), a petition for a writ seeking release from custody may be filed in the Montana Supreme Court after the denial of the writ in a district court. *In re Pyle*, 72 Mont. 494, 234 P. 254 (1925).

The reason for the denial of the petition by the Cascade County District Court is not clear. Certainly that court did not reach the merits. Perhaps the district judge was of the opinion that, by reason of the wording of the Montana habeas corpus statute, R.C.M. 1947 § 95–2701:

Every person imprisoned or otherwise restrained of his liberty, *within this state*, may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment or restraint, and if illegal to be delivered therefrom (emphasis supplied),

he had no jurisdiction. It would seem that, by virtue of the provisions of the Western Interstate Corrections Compact, R.C.M. 1947 § 95–2308, 4(f)[2] and (h)[3], it was the intention of the legislature that an inmate confined in a foreign state under a Montana judgment should have the right to pursue habeas corpus remedies in Montana.

Despite the fact that petitioner may have been misled by the order of the Cascade County Court, the case has not yet[4] reached the point at which the court can say that circumstances exist which render the state process ineffective. 28 U.S.C. § 2254(b).

---

1. A different rule applies in some cases involving the custody of minors. *State ex rel. Veach v. Veach*, 122 Mont. 47, 195 P.2d 697 (1948); *Ex parte Reinhardt*, 88 Mont. 282, 292 P. 582 (1930); *In re Thompson*, 77 Mont. 466, 251 P. 163 (1926).

2. "Any hearing or hearings to which an inmate confined pursuant to this compact may be entitled by the laws of the sending state may be had before the appropriate authorities of the sending state, or of the receiving state if authorized by the sending state. . . ."

3. "Any inmate confined pursuant to the terms of this compact shall have any and all rights to participate in and derive any benefits or incur or be relieved of any obligations or have such obligations modified or his status changed on account of any action or proceeding in which he could have participated if confined in any appropriate institution of the sending state located within such state."

4. Conceivably, it could reach that stage by reason of the procedural problems created by Montana law. The Montana Supreme Court might, if a petition is presented to it, make the petition returnable before a district court. If that court denied the petition, then under *In re Pyle, supra*, the petitioner would have a right to again petition the Montana Supreme Court. If that petition was denied on other than the merits, a question would then arise as to whether petitioner would have a remedy under the general postconviction remedy statute, R.C.M. 1947 §§ 95–2601 *et seq.*, and, if so, whether he would be required to file another petition in the court imposing the conviction (R.C.M. 1947 § 95–2601) and then appeal (R.C.M. 1947 § 95–2608) to the Montana Supreme Court. Envisaging the worst, this could be the course of the litigation:

1. District Court, Cascade County—habeas corpus petition denied.
2. Federal District Court, Nevada—habeas corpus petition transferred.
3. Federal District Court, Montana—habeas corpus petition denied.
4. Montana Supreme Court—petition referred to District Court, Cascade County.
5. District Court, Cascade County—habeas corpus petition denied on grounds other than the merits.
6. Montana Supreme Court—habeas corpus petition denied on grounds on grounds other than the merits.
7. District Court, Cascade County—2601 petition denied.
8. Montana Supreme Court—appeal petition denied.
9. Federal District Court, Montana—state remedies now exhausted.

Considering that petitioner is now in jail, this should not happen, and if it did, somewhere between "4" and "9" circumstances would begin to look exigent.