No. 14287

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

STATE OF MONTANA ex rel.,
LEWIS AND CLARK COUNTY ATTORNEY
CHARLES A. GRAVELEY,

                    Relator,

          -vs-

THE DISTRICT COURT OF THE FIRST JUDICIAL
DISTRICT OF THE STATE OF MONTANA et al.,

                    Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

      For Relator:

            Charles Graveley argued, County Attorney, Helena,
             Montana
            Ann Smoyer argued, Helena, Montana

      For Respondent:

            William Dee Morris argued, Helena, Montana

---

                        Submitted:   June 1, 1978

                          Decided:   JUL 21 1978

Filed:  JUL 21 1978


                _____
                                     Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This matter arises on the application and petition of relator, Charles A. Graveley, Lewis and Clark County Attorney, filed in this Court on May 2, 1978, for a writ of supervisory control. Relator seeks to have Jack B. Gehring's bail bond revoked and dismissed, to have him remanded to the custody of the Sheriff of Lewis and Clark County, to have the appeal, in Cause No. 14105, State v. Gehring (District Court Cause No. 4162), dismissed, and to have the appeal, also in Cause No. 14105, Jack B. Gehring v. Rick Westlund (District Court Cause No. 42159), filed and instituted as a separate appeal.

State v. Jack B. Gehring involves Gehring's conviction on July 20, 1977, by a jury, of four counts of intentionally failing to pay income taxes or make, render, sign or verify returns, or to supply any information, within the time required by or under the provisions of Title 84, Chapter 49, R.C.M. 1947. Gehring was given a two-year suspended sentence by the Honorable Gordon R. Bennett, District Judge. Thereafter, Gehring filed a motion for new trial, which was heard and denied on October 4, 1977. Gehring filed his notice of appeal from his criminal conviction on December 19, 1977. On January 3, 1978, the State filed a motion to dismiss this appeal as untimely.

On January 20, 1978, the District Court revoked Gehring's suspended sentence, upon motion of the State, and ordered him remanded to the custody of the Sheriff of Lewis and Clark County. On February 6, 1978, Gehring filed a writ of habeas corpus in District Court, Jack B. Gehring v. Rick Westlund. The Honorable Gordon R. Bennett declined jurisdiction of this matter and jurisdiction was assumed by the Honorable Robert J. Boyd. A hearing was held on the petition on February 17, 1978. At that hearing, Gehring retained as his counsel, William Dee Morris. After

- 2 -

hearing the matter, the court dismissed the petition with leave to file a new one. An amended writ of habeas corpus was filed on February 21, 1978. A hearing was held on this writ on March 10, 1978. The court denied the writ on April 7, 1978. On April 11, 1978, Gehring filed his notice of appeal in this matter. On April 25, 1978, the Honorable Robert J. Boyd approved a property bail bond in which Gehring pledged all of his property. Gehring is now free on this bail bond, during his appeal.

The sole issue before this Court is whether this Court has jurisdiction to hear the criminal appeal, and the appeal from the denial of the writ of habeas corpus, both appeals filed in Cause No. 14105.

The time limit for bringing an appeal in a criminal case is specified in section 95-2405(e), R.C.M. 1947. It reads:

> "An appeal from a judgment may be taken within sixty (60) days after its rendition."

In this case, Gehring's notice of appeal, on December 19, 1977, was 152 days after entry of the sentencing order and 76 days after the denial of his motion for a new trial. Clearly, his notice of appeal was not within the time limits of section 95-2405(e).

We have held under the former statute to section 95-2405(e), which allowed the appeal to be filed within six months after entry of judgment, that the filing of an appeal beyond the statutory time limits deprives this Court of jurisdiction to hear the appeal. State v. Frodsham, (1961), 139 Mont. 222, 362 P.2d 413. We have continued to apply this rule under section 95-2405(e). Ketcham v. State, (1975), 167 Mont. 535, 541 P.2d 68.

In regard to civil appeals, we have continually taken the same approach. We have held that if a notice of appeal is not filed within the time limits of Rule 5, M.R.App.Civ.P.,

this Court is deprived of jurisdiction to hear the appeal. Zell v. Zell, (1977), ____Mont.____, 565 P.2d 311, 34 St.Rep. 492; Jackson v. Tinker, (1972), 161 Mont. 51, 504 P.2d 692; First National Bank of Lewistown v. Fry, (1978), ____Mont. ____, ____P.2d ____, 35 St.Rep. 276 (Decided 3/2/78).

Since Gehring filed his notice of appeal more than 60 days after rendition of judgment, this Court is without jurisdiction to hear his appeal. Accordingly, the appeal in State v. Gehring (District Court Cause No. 4162) is dismissed.

As for Gehring's appeal from the denial of his writ of habeas corpus, this appeal must also be dismissed. Although no motion to dismiss has been made in regard to this appeal, this Court has always held it has the power to dismiss an appeal, on its own motion, where one does not properly lie. State v. Booth, (1958), 134 Mont. 235, 328 P.2d 1104. Gill v. Rafn, (1958), 133 Mont. 505, 326 P.2d 974.

> "Since the right to a review of [a habeas corpus] judgment or order is purely statutory, no appeal will lie if there is no provision therefor, and if a right of review is conferred by statute, it exists only in such cases and to the extent that the applicable statute provides." 39A C.J.S. Habeas Corpus §239. (Bracketed material added.)

Under Montana law no appeal lies from the order denying a writ of habeas corpus in a proceeding criminal in nature, where the issue to be determined is the freedom of petitioner, or the legality of petitioner's detention. State v. Booth, supra; State ex rel. Jackson v. Kennie, (1900), 24 Mont. 45, 60 P. 589; In re Pyle, (1925), 72 Mont. 494, 234 P. 254. However, a right to appeal does exist from an order denying a writ of habeas corpus in a case involving the custody of a minor child. State ex rel. Veach v. Veach, (1948), 122 Mont. 47, 195 P.2d 697.

The statute that deals with the right to appeal in habeas corpus proceedings which are criminal in nature is section 95-

2714, R.C.M. 1947, which specifically provides:

> "An appeal may be taken to the supreme court by the state from an order of judgment discharging the petitioner. The court may admit the petitioner to bail pending appeal. The appeal shall be taken in the same manner as in civil actions."

This statute, which was adopted in 1967, became law in light of the rule announced in Booth, Kennie and Pyle.

The reason for this rule, which does not permit an appeal, is that the writ of habeas corpus is an original writ. It is issuable out of either the District or Supreme Court. As that is the case, a denial of the writ is not res judicata. The denial does not divest this Court of jurisdiction to grant a second application. State v. Booth, supra; In re Pyle, supra.

In this case Gehring has appealed from the denial of his writ of habeas corpus in which he challenged the legality of his detention. He has no right to appeal under those circumstances. Thus, his appeal must be dismissed.

Therefore, both the criminal appeal (District Court Cause No. 4162) and the appeal in the habeas corpus proceeding (District Court Cause No. 42159), appearing in Cause No. 14105, are dismissed. Relator's application for a writ of supervisory control is denied. Further, since Gehring is free on bail pending his appeal, and the appeal has been dismissed, the order of the District Court of April 25, 1977, releasing him on bail is vacated and he is remanded to the custody of the Sheriff of Lewis and Clark County.

_____
Chief Justice

We concur:

_____

_____

_____

- 5 -

Mr. Justice Daniel J. Shea concurring with the Opinion of the Court.

On the basis of the law presently existing and because defendant did not also petition this case for a writ of certiorari, I am compelled to agree with the majority. The harsh results it works is exemplified by this case.

I agree that our criminal code makes no provision for a petitioner to appeal from a writ of habeas corpus that has been denied and that, as a creature of statute, the right to appeal therefrom is unauthorized for that reason. I have difficulty, however, concurring with the rationale set forth by the majority opinion justifying the absence of such provision.

This court's holdings on the issue of appealibility of a denied writ of habeas corpus have all been grounded on the inability of the Court to permit appeal where none was provided for by the legislature; and further, that as a matter of procedure such denial was not res judicata, so a second application for the writ could be instituted in this Court. The frequently quoted origin of the rationale is contained in State v. Kennie (1900), 24 Mont. 45, 60 P. 589. Under the procedural facts of that case however, the Court acknowledged by way of dicta that certiorari instituted concurrently with a writ of habeas corpus would allow review of the lower court proceedings. With a writ of certiorari, the Court sits in a different posture, examining the proceeding and judgment or order and taking appropriate action. As noted by Chief Justice Brantley, "It is not uncommon for this writ to be used in this way, where it is sought to set aside a conviction in summary proceedings before a justice of the peace where there is no appeal." Kennie, 24 Mont. 52. This coupling of writs seems to be a complicated means of obtaining review. Enactment of a statutory provision enabling review of a denied writ of habeas

-6-

corpus would be preferable. Indeed, an overwhelming majority of jurisdictions have done precisely that. See, 39A C.J.S. Habeas Corpus §238.

Our legislature has provided for review of writ of habeas corpus proceedings resulting in discharge of the petitioner from custody. Section 95-2714, R.C.M. 1947. Provision is also made for denied writs of habeas corpus in civil matters. Rule 1(a), M.R.App.Civ.P. These provisions were promulgated notwithstanding the fact that as an original writ, denial of such writ was not res judicata and therefore the Court was not divested of jurisdiction for a second application. I find no reason for distinguishing between a civil and criminal matter in this respect. Given the statutes, it is a sound enough observation, but as a rule it has no rational justification, and works an injustice on those who have been unsuccessful in the District Court.

Even if defendant petitions this Court in an original proceeding, undoubtedly he will have spent some time in jail before the petition is filed and this Court can act. It may later be that defendant has no grounds for this Court to issue a writ of habeas corpus, but if he were out on bail at least he would not be languishing in a county jail that has long been fit for use only as a temporary holding cell.

Daniel J. Shea
Justice

-7-