No. 00-794

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 21

JAMES MORRISON,

Petitioner and Appellant,

v.

MICHAEL MAHONEY, Warden

Montana State Prison,

Respondent and Respondent.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable Russell C. Fagg, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

James Morrison, *Pro Se*, Deer Lodge, Montana

For Respondent:

Hon. Mike McGrath, Attorney General; Carol E. Schmidt,

Assistant Attorney General, Helena, Montana

Dennis Paxinos, Yellowstone County Attorney, Billings, Montana

Submitted on Briefs: September 27, 2001
Decided: February 7, 2002

Filed:

_____

Clerk


Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 James Morrison (Morrison) appeals from the order entered by the Thirteenth Judicial District Court, Yellowstone County, denying his petition for a writ of habeas corpus and, alternatively, for postconviction relief. We affirm.

¶2 The issue on appeal is whether the District Court erred in denying Morrison's petition.

BACKGROUND

¶3 In February of 1991, Morrison was convicted of the offense of sexual intercourse without consent. He was sentenced to serve 20 years in the Montana State Prison; an additional three-year sentence was imposed pursuant to § 46-18-221, MCA, for using a weapon during the commission of the offense, and Morrison was designated a dangerous offender. Morrison appealed his conviction and sentence, and we affirmed in part and remanded for further sentencing proceedings on the basis that the district court had failed to articulate sufficient reasons for designating Morrison a dangerous offender. See State v. Morrison (1993), 257 Mont. 282, 288, 848 P.2d 514, 517-18. After a hearing on remand, the district court entered an order dated June 3, 1993, in which it continued the sentence from the previous judgment against Morrison and set forth findings of fact supporting the dangerous offender designation.

¶4 On June 1, 2000, Morrison petitioned the District Court for writ of habeas corpus, arguing that the three-year sentence enhancement pursuant to § 46-18-221, MCA, should be vacated because the use of a weapon had not been charged as a separate offense in the information and the court relied on false or misleading evidence to support the enhancement. He further argued that his counsel at the sentencing hearing was ineffective for failing to object to the enhancement and that he had been erroneously denied good

time credits for the period he was incarcerated prior to his conviction.

¶5 With regard to the good time credit issue, the District Court remanded the petition to the Montana Department of Corrections for administrative processing. The court denied the petition with regard to the sentence enhancement issues on the basis that a writ of habeas corpus is not available to attack the validity of a conviction or sentence. The court then treated Morrison's petition alternatively as one for postconviction relief and denied it as untimely filed. Morrison appeals.

## DISCUSSION

¶6 Did the District Court err in denying Morrison's petition?

¶7 Morrison contends that the District Court erred in denying his petition for writ of habeas corpus, reiterating the arguments raised in that court that the sentence enhancement pursuant to § 46-18-221, MCA, should be vacated as improper because it was not charged as a separate offense in the information and that the court relied on false or misleading evidence to support the enhancement. He has abandoned his argument that he received ineffective assistance of counsel at sentencing.

¶8 We observe at the outset that a district court's denial of a petition for writ of habeas corpus in a criminal proceeding is not appealable to this Court. See Coble v. Magone (1987), 229 Mont. 45, 46, 744 P.2d 1244, 1245 (citing In re Hart (1978), 178 Mont. 235, 583 P.2d 411). This is so because a writ of habeas corpus may be granted by either a district court or this Court and, as a result, the denial of such a writ by a district court is not *res judicata* because it does not divest us of jurisdiction to grant a subsequent petition. In re Hart, 178 Mont. at 241, 583 P.2d at 414; see also § 46-22-202(1), MCA.

¶9 Even assuming *arguendo*, however, that this case is properly before us as an original petition for writ of habeas corpus, § 46-22-101(2), MCA, provides that "[t]he writ of habeas corpus is not available to attack the validity of the conviction or sentence of a person who has been adjudged guilty of an offense in a court of record and has exhausted the remedy of appeal." Morrison's arguments regarding the § 46-18-221, MCA, sentence enhancement are attacks on the validity of the sentence, and it is undisputed that he has been adjudged guilty in a court of record. With regard to exhausting his remedy of appeal, the three-year sentence enhancement was imposed at Morrison's sentencing in 1991 and the issues related to that enhancement could have been raised in his original appeal, but

were not. Consequently, that portion of his sentence became final following our decision on Morrison's appeal in 1993 and he has exhausted his remedy of appeal with regard to the sentence enhancement issues. As a result, even if Morrison's habeas petition were properly before us, no relief would be available.

¶10 As noted above, however, the District Court also addressed Morrison's petition alternatively as one for postconviction relief and denied it on the basis that it was untimely filed. Morrison contends that the District Court erred in doing so. The court's determination that the petition was not timely is a legal conclusion which we review for correctness. See State v. Redcrow, 1999 MT 95, ¶ 29, 294 Mont. 252, ¶ 29, 980 P.2d 622, ¶ 29.

¶11 In determining whether a petition for postconviction relief is timely, we generally look to the statute of limitations in effect at the time the petition was filed. See Hawkins v. Mahoney, 1999 MT 82, ¶ 9, 294 Mont. 124, ¶ 9, 979 P.2d 697, ¶ 9. Section 46-21-102, MCA, sets forth the statute of limitations for filing postconviction relief petitions. The Montana Legislature amended this statute in 1997 to require a petition for postconviction relief be filed within one year of the date the conviction became final (see § 46-21-102(1), MCA (1997)), and this is the version of the statute in effect at the time Morrison filed his petition in June of 2000. However, the Legislature also provided that the one-year statute of limitations only applied to proceedings where the conviction became final either after April 24, 1997, or within twelve months prior to April 24, 1997, if the petition was filed within twelve months after that date. See 1997 Mont. Laws Ch. 378, Sec. 9(1). Here, Morrison's conviction became final following our decision on his original appeal in 1993. As a result, the 1997 amendment does not apply to his case and we apply the statute of limitations in effect in 1995, which required that postconviction petitions be filed within five years of the date the conviction became final. Section 46-21-102, MCA (1995). It is clear that Morrison's petition was filed nearly seven years after the date his conviction became final and, consequently, was not timely filed.

¶12 Morrison does not deny that his petition was not filed within the statutory time frame. He argues, however, that the statute of limitations should be equitably tolled in this case because he was not informed of the factual basis for the district court's imposition of the § 46-18-221, MCA, sentence enhancement at the time the court entered its findings in support of the dangerous offender designation on remand and, thus, was not aware of the potential claim that the court relied on false or misleading evidence. He is no doubt correct in this assertion and the reasons are clear. Our post-appeal remand to the district court for

further sentencing proceedings was limited to the dangerous offender designation portion of Morrison's sentence. See Morrison, 257 Mont. at 288, 848 P.2d at 518. Morrison did not raise any issues regarding the sentence enhancement portion of his sentence in his original appeal and our decision did not affect that sentence. Thus, the district court on remand properly limited its order to address only the dangerous offender designation. Moreover, Morrison does not contend that he was unaware of the court's factual basis supporting the sentence enhancement at the time it was imposed in 1991.

¶13 Morrison also argues that his transfer from the Montana State Prison to correctional facilities in other states, combined with his indigency, prevented him from obtaining the legal materials necessary to timely prepare a petition for postconviction relief. However, the record before us contains no evidence supporting Morrison's assertion that he was unable to obtain sufficient legal materials to timely craft and file a petition. An appellant carries the burden of establishing that an error has occurred. See State v. Hocevar, 2000 MT 157, ¶ 90, 300 Mont. 167, ¶ 90, 7 P.3d 329, ¶ 90 (citation omitted). Absent evidence supporting Morrison's claim in this regard, he has failed to meet his burden.

¶14 We conclude the District Court's determination that Morrison failed to file his petition for postconviction relief within the applicable statute of limitations is correct. We hold, therefore, that the District Court did not err in denying Morrison's petition.

¶15 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ PATRICIA COTTER

/S/ TERRY N. TRIEWEILER

/S/ W. WILLIAM LEAPHART

/S/ JIM RICE
