No. 01-866

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 156N

SHERMAN P. HAWKINS,

      Plaintiff and Appellant,

   v.

MIKE MAHONEY, Warden, Montana State
Prison, and STATE OF MONTANA, and
THE THIRTEENTH JUDICIAL DISTRICT
COURT,

      Defendants and Respondents.


APPEAL FROM:    District Court of the Thirteenth Judicial District,
                  In and For the County of Yellowstone,
                  Honorable Susan P. Watters, Judge Presiding


COUNSEL OF RECORD:

      For Appellant:

          Sherman P. Hawkins, Pro Se, Deer Lodge, Montana

      For Respondents:

          Honorable Mike McGrath, Attorney General; Jennifer Anders,
          Assistant Attorney General, Helena, Montana

          Dennis Paxinos, County Attorney; Kevin R. Peterson,
          Deputy County Attorney, Billings, Montana


                      Submitted on Briefs:   March 28, 2002

                               Decided:   July 16, 2002

Filed:

                    _____
                              Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c) Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2    Sherman P. Hawkins appeals the denial of his Petition for Writ of Habeas Corpus in the Thirteenth Judicial District Court, Yellowstone County.  We affirm.

¶3    We restate the issue on appeal as whether the District Court erred in denying Hawkins' petition.

*Facts and Procedural Background*

¶4    In 1988, Hawkins was convicted of assault and possession of dangerous drugs.  He was sentenced to five years for possession of dangerous drugs, plus 10 years as a persistent felon and sentenced to nine years for felony assault plus 13 years as a persistent felon.  Both sentences were to run consecutively to his previous sentence of life imprisonment.

¶5    In July 2001, Hawkins filed a petition for a writ of habeas corpus in the Thirteenth Judicial District Court, Yellowstone County, seeking the benefit of the United States Supreme Court's decision in *Apprendi v. New Jersey* (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, relative to his 1988 convictions.  Hawkins argued that he was improperly designated a persistent felony

2

offender in light of *Apprendi* and requested removal of the designation.

¶6 In pertinent part, the District Court construed Hawkins' petition as one for postconviction relief and denied the petition based on the statute of limitations. Hawkins appeals.

*Discussion*

¶7 Did the District Court err in denying Hawkins' petition?

¶8 Hawkins contends that the District Court erred in denying his petition for writ of habeas corpus, reiterating the arguments raised in that court that he was improperly designated a persistent felony offender in light of *Apprendi*.

¶9 At the outset, we note that a district court's denial of a petition for writ of habeas corpus in a criminal proceeding is not appealable to this Court. *Morrison v. Mahoney*, 2002 MT 21, ¶ 8, 308 Mont. 196, ¶ 8, 41 P.3d 320, ¶ 8. A writ of habeas corpus may be granted by either a district court or this Court; therefore, the denial of such a writ by a district court is not *res judicata* because it does not divest this Court of jurisdiction to grant a subsequent petition. *Morrison*, ¶ 8.

¶10 However, a writ of habeas corpus is not available to attack the validity of the conviction or sentence of a person who has been adjudged guilty of an offense in a court of record and has exhausted the remedy of appeal. Section 46-22-101(2), MCA.

¶11 The petition for postconviction relief is available for, in pertinent part, a person adjudged guilty of an offense in a court of record who has no adequate remedy of appeal and who claims that a sentence was imposed in violation of the Montana Constitution,

3

Montana laws, or the United States Constitution. Section 46-21-101(1), MCA. The petition for postconviction relief may not be filed directly with the Montana Supreme Court. Rather, the petition must be filed in the district court in the county where the lower court is located. Section 46-21-101(2), MCA.

¶12 Here, Hawkins' petition attacks the validity of his conviction or sentence after he has been adjudged guilty of an offense in a court of record and has exhausted the remedy of appeal. His petition is thus inappropriate for habeas corpus relief. We conclude that the District Court correctly construed Hawkins' petition as one for postconviction relief.

¶13 In determining whether a petition for postconviction relief is timely, we generally look to the statute of limitations in effect at the time the petition was filed. *Morrison*, ¶ 11. Section 46-21-102, MCA, sets forth a one-year statute of limitations for filing postconviction relief petitions. However, the Legislature, in its 1997 amendment to § 46-21-102, MCA, provided that the one-year statute of limitations only applies to convictions which became final either after April 24, 1997, or within twelve months prior to April 24, 1997, if the petition was filed within twelve months after that date. *Morrison*, ¶ 11.

¶14 Here, Hawkins was convicted in 1989. As a result, the 1997 amendment does not apply to his case and we apply the statute of limitations in effect in 1995, which required that postconviction relief petitions be filed within five years of the date of the conviction. Section 46-21-102, MCA (1995). It is clear that

Hawkins' petition, which was filed in July 2001, was filed twelve years after the date of his conviction and, consequently, was not timely filed.

¶15 Hawkins argues, however, that the statute of limitations should be tolled, because the "newly discovered evidence" exception applies here. Hawkins argues that the *Apprendi* decision, as "new constitutional law," is equivalent to new evidence.

¶16 The 1997 amendment to § 46-21-102, MCA, includes a provision which states, "a claim that alleges the existence of newly discovered evidence . . . may be raised in a petition filed within 1 year of the date on which the conviction becomes final or the date on which the petitioner discovers, or reasonably should have discovered, the existence of the evidence, whichever is later." However, as noted above, the 1997 amendment does not apply to Hawkins' petition.

¶17 Prior to the addition of the exception for newly discovered evidence, the statute of limitations was only waived to prevent a fundamental miscarriage of justice. *State v. Redcrow*, 1999 MT 95, ¶ 31, 294 Mont. 252, ¶ 31, 980 P.2d 622, ¶ 31. We have defined a fundamental miscarriage of justice as "a constitutional violation [that] has probably resulted in the conviction of one who is actually innocent." *Redcrow*, ¶ 33.

¶18 Here, Hawkins claims that he was improperly designated a persistent felony offender in light of *Apprendi* and does not argue that he was actually innocent. Therefore, we conclude that the

miscarriage of justice exception does not apply to Hawkins'
petition.

¶19 We hold that the District Court did not err in denying
Hawkins' petition.


                              /S/ W. WILLIAM LEAPHART


We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ JIM RICE