No. DA 09-0111

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 275

_____

SAMUEL SCOTT JOHNSON,

      Petitioner and Appellant,

  v.

MIKE MAHONEY, Warden, and STATE OF
MONTANA,

      Respondents and Appellees.

O P I N I O N

A N D

O R D E R

_____

¶1    On January 10, 1996, Samuel Scott Johnson (Johnson) pleaded guilty to felony aggravated kidnapping, in violation of § 45-5-303, MCA, and felony sexual intercourse without consent (SIWC), in violation of § 45-5-503, MCA.  Johnson was sentenced to 10 years imprisonment on the aggravated kidnapping charge and 40 years on the SIWC charge.  The terms of imprisonment were ordered to run concurrently at the Montana State Prison (MSP).

¶2    On May 11, 2007, Governor Brian Schweitzer signed Senate Bill 547 into law. This law, codified at § 46-18-207, MCA (2007), increased the penalties for certain sexual offenses, granted the Department of Corrections (DOC) the authority to establish a residential sex offender treatment program, and provided for the suspension of sentences for those inmates who successfully completed the residential sexual offender treatment program established pursuant to this legislation.

¶3     After the law's passage, Johnson filed a petition for a writ of habeas corpus in the Third Judicial District Court. Johnson argued that during the course of his incarceration he successfully completed qualifying "residential" sex offender treatment programs at a detention facility in Arizona and Crossroads Correctional Center in Montana while serving his sentence. Johnson asserted that he should be granted the benefit of § 46-18-207, MCA (2007), because he completed these programs and that the balance of his sentence on his SIWC charge should be suspended. Johnson further argued that he was eligible for sex offender treatment under the new statute, § 46-18-207(4)(a), MCA, which provides as follows:

> Except for an offender sentenced pursuant to 45-5-503(4), 45-5-507(5), 45-5-601(3), 45-5-602(3), 45-5-603(2)(c), or 45-5-625(4), during an offender's term of commitment to the department of corrections or a state prison, **the department may place** the person in a residential sexual offender treatment program approved by the department under 53-1-203.

(Emphasis added).

¶4     The District Court denied Johnson's petition for a writ of habeas corpus on two grounds. First, the District Court concluded that the law in effect at the time of Johnson's offenses controlled as to his possible sentence. *See State v. Brister*, 2002 MT 13, ¶ 26, 308 Mont. 154, 41 P.3d 314. Accordingly, § 46-18-207, MCA (2007), simply did not apply. Second, the District Court concluded that Johnson was not eligible for sexual offender treatment even if this statute applied to him, since he was convicted of aggravated kidnapping in violation of § 45-5-503, MCA, which is one of the listed exceptions to the operation of § 46-18-207(4)(a), MCA.

¶5 Johnson now seeks to appeal the denial of his petition for a writ of habeas corpus. The State, citing to *Morrison v. Mahoney*, 2002 MT 21, ¶ 8, 308 Mont. 196, 41 P.3d 320, notes that a district court's denial of a writ of habeas corpus is not appealable to this Court. "This is so because a writ of habeas corpus may be granted by either a district court or this Court and, as a result, the denial of such a writ by a district court is not *res judicata* because it does not divest us of jurisdiction to grant a subsequent petition." *Morrison*, ¶ 8 (citing *In re Hart*, 178 Mont. 235, 241, 583 P.2d 411, 414 (1978)). In the interests of judicial economy, however, the State suggests that we treat Johnson's petition for a writ as an original petition for a writ of habeas corpus. We adopt the State's suggestion and treat Johnson's petition as an original proceeding before this Court.

¶6 The purpose of a writ of habeas corpus is "to inquire into the cause of imprisonment or restraint and, if illegal, to be delivered from the imprisonment or restraint." Section 46-22-101(1), MCA. In a habeas proceeding, the burden is on the petitioner to convince the Court that the writ should issue. *Miller v. Eleventh Judicial Dist. Ct.*, 2007 MT 58, ¶ 14, 336 Mont. 207, 154 P.3d 1186 (citing *Petition of Dyer*, 154 Mont. 499, 500, 463 P.2d 895, 896 (1969); *Petition of Tooker*, 148 Mont. 69, 73, 417 P.2d 87, 89 (1966)). A writ will issue if the petitioner "present[s] to this Court a record that is sufficient to make a prima facie showing that the order of the District Court constituted a violation, deprivation, infringement, or denial of his constitutional, statutory, or legal rights." *Miller*, ¶ 14.

¶7 Johnson has failed to convince the Court that a writ should issue in this case. As the State points out, the residential treatment program authorized by § 46-18-207, MCA

3

(2007), has not yet been established.[1] Thus, Johnson has not successfully completed the residential treatment program contemplated by this statute. Moreover, had the program been in place, Johnson would not have been eligible in any event since his conviction for aggravated kidnapping rendered him ineligible for the program. *See* § 46-18-207(4)(a), MCA.

¶8 Additionally, the State correctly notes that pursuant to § 46-18-207(4), MCA, DOC has the sole discretion to determine who may participate in the program. The statute states that DOC *may* place an offender in the program, but it is not required to do so. *See* ¶ 3. Thus, even if Johnson was in fact eligible for the program once established, his entitlement to participate would be subject to the discretion of DOC.

¶9 Johnson has failed to meet his burden for the issuance of a writ of habeas corpus. Accordingly,

¶10 IT IS HEREBY ORDERED that Johnson's petition is DENIED and DISMISSED.

¶11 IT IS FURTHER ORDERED that the Clerk of this Court mail a copy of this Opinion and Order to all counsel of record and to the Appellant at his last known address.

DATED this 18th day of August, 2009.

/S/ PATRICIA O. COTTER

We concur:

/S/ MIKE McGRATH

---

[1] An affidavit in the record from DOC's treatment contract program manager states that DOC intends to have the program operational by the end of 2009.

4

/S/ JOHN WARNER

/S/ BRIAN MORRIS

/S/ JIM RICE