IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 11-0651

2011 MT 283

_____

BILL GENE THOMAS,

      Petitioner and Appellant,

      v.

JOHN DOE, Warden of Montana State Prison,

      Respondent and Appellee.

O P I N I O N
A N D
O R D E R

_____

¶1     Bill Gene Thomas is currently incarcerated in Montana State Prison serving a sentence imposed in 1993 for deliberate homicide. On September 23, 2011, Thomas filed a Petition for Writ of Habeas Corpus in the Third Judicial District Court, Powell County, raising various claims. The District Court issued an order on October 13 denying the petition.

¶2     On October 31, Thomas filed a Notice of Appeal with the Clerk of the Supreme Court. In conjunction with this notice, Thomas also filed his Appellant's Brief. All briefs filed with the Clerk of this Court are reviewed by Court personnel to determine whether they comply with the form and content requirements set forth in Rules 10, 11, 12, and 13 of the Montana Rules of Appellate Procedure. A brief that is not in compliance with these Rules is returned for revisions. Although Thomas's Appellant's Brief is not in conformance with the Rules for a number of reasons, a more important matter has come to the Court's attention in the course of reviewing his brief. In particular, it is apparent that Thomas's appeal is from an order of a district court denying a petition for writ of habeas corpus.

¶3     A district court's denial of a petition for writ of habeas corpus in a criminal proceeding is not appealable to this Court. *Morrison v. Mahoney*, 2002 MT 21, ¶ 8, 308 Mont. 196, 41 P.3d 320 (citing *Coble v. Magone*, 229 Mont. 45, 46, 744 P.2d 1244, 1245

1

(1987), in turn citing *In re Hart*, 178 Mont. 235, 583 P.2d 411 (1978)). This is so because a writ of habeas corpus may be granted by either a district court or this Court and, as a result, the denial of such a writ by a district court is not res judicata because it does not divest us of jurisdiction to grant a subsequent petition. *Morrison*, ¶ 8 (citing *Hart*, 178 Mont. at 241, 583 P.2d at 414, and § 46-22-202(1), MCA).

¶4      While recognizing these principles, the State has previously suggested that, in the interests of judicial economy, we should simply treat an *appeal* from a district court's denial of a habeas corpus petition as an *original proceeding* in this Court, that is, as an original petition for writ of habeas corpus. We adopted that suggestion in *Johnson v. Mahoney*, 2009 MT 275, ¶ 5, 352 Mont. 136, 217 P.3d 1025. Similarly, we assumed, arguendo, in *Morrison*, ¶ 9, that the case was properly before us as an original petition for writ of habeas corpus. *See also e.g. Allison v. State*, No. OP 10-0127, 2010 Mont. LEXIS 520 at *4 (Sept. 7, 2010) ("We accept the Attorney General's invitation to consider Allison's appeal as an original petition for a writ of habeas corpus."); *Coble*, 229 Mont. at 46, 744 P.2d at 1245 ("A denial of a writ of habeas corpus is not properly appealable to this Court. However, due to the nature of this claim, and in light of judicial economy, we will review the case as a petition for writ of certiorari." (citation omitted)).

¶5      In *Roberty v. State*, No. DA 10-0220 (Mont. Dec. 8, 2010), which also involved an appeal from a district court's denial of a habeas corpus petition, we acknowledged the practice followed in *Johnson* of treating such appeals, in the interest of judicial economy, as original proceedings in this Court. We declined, however, to continue this practice. *Roberty* at 2 (dismissing the appeal with prejudice). We explained that this Court "remains open to petitioners who seek to file a petition for writ of habeas corpus. We will not continue to consider a party's appeal from a district court's denial of a petition for writ of habeas corpus as an original petition. A party must file in this Court an original petition for writ of habeas corpus in order for us to consider it." *Roberty* at 2.

¶6      Our decision in *Roberty* was issued in the form of an unpublished order. We now reiterate and adopt, in the present Opinion and Order, the following rules. There is no appeal from a district court's denial of a petition for writ of habeas corpus. *Morrison*, ¶ 8. A writ of

habeas corpus may be granted by either a district court or this Court. *See* § 46-22-202(1), MCA. Thus, the denial of such a writ by a district court is not res judicata because it does not divest us of jurisdiction to grant a subsequent petition. *Morrison*, ¶ 8. We will not follow the practice in *Johnson*, *Allison*, and other cases of treating an appeal from the denial of a habeas corpus petition as an original habeas corpus proceeding in this Court. A party must file an original petition for writ of habeas corpus in order for us to consider it. Accordingly,

¶7     IT IS ORDERED that Thomas's motion to proceed on appeal without payment of the filing fee is GRANTED.

¶8     IT IS FURTHER ORDERED that Thomas's appeal from the District Court's order denying his Petition for Writ of Habeas Corpus is DISMISSED WITH PREJUDICE.

¶9     IT IS FURTHER ORDERED that Thomas's motion for the appointment of counsel is moot and is, therefore, DENIED.

¶10     The Clerk of this Court is directed to provide a copy of this Opinion and Order to counsel of record, to the Attorney General, and to Bill Gene Thomas, personally, and to give notice of this Opinion and Order to the Honorable Ray J. Dayton, District Court Judge, presiding.

Dated this 9th day of November, 2011.

/S/ JAMES C. NELSON

We concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE
/S/ BRIAN MORRIS

3