**FILED**

03/24/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0142

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0142

DANIEL GERARD LACEY,

    Petitioner,

v.

THIRTEENTH JUDICIAL DISTRICT,
HON. GREGORY R. TODD,
District Court Judge,

    Respondent.



FILED

MAR 2 4 2020

Bowen Greenwood
Clerk Supreme Court
State of Montana

ORDER

ORIGINAL

Daniel Gerard Lacey petitions this Court for a writ of supervisory control over the Thirteenth Judicial District Court, Yellowstone County, and the Honorable Gregory R. Todd. Lacey seeks relief here because the District court issued an Order denying his writ of habeas corpus on December 23, 2019, and stated that "Lacey's remedy under a Writ of Habeas Corpus is not available to him . . . " because "[h]e does not get another bite of the Habeas apple." Lacey contends that his "Fundamental Constitutional Rights" have been violated because of this procedural bar. Lacey puts forth that supervisory control is necessary because he cannot appeal a denial of a habeas corpus petition.

Supervisory control is an extraordinary remedy. "Supervisory control is appropriate 'when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when one or more of' three enumerated circumstances exist. M. R. App. P. 14(3)." *City of Billings ex rel. Huertas v. Billings Mun. Court*, 2017 MT 261, ¶ 2, 389 Mont. 158, 404 P.3d 709.

We do not find the existence of urgency or emergency factors, and we conclude that supervisory control is not warranted because the District Court is not proceeding upon a mistake of law causing a gross injustice. M. R. App. P. 14(3). Lacey's fundamental constitutional rights have not been violated nor is the writ of habeas corpus suspended.

A district court's denial of a petition for writ of habeas corpus in a criminal proceeding is not appealable to this Court. *Morrison v. Mahoney*, 2002 MT 21, ¶ 8, 308 Mont. 196, 41 P.3d 320 (citing *Coble v. Magone*, 229 Mont. 45, 46, 744 P.2d 1244, 1245 (1987), in turn citing *In re Hart*, 178 Mont. 235, 583 P.2d 411 (1978)). This is so because a writ of habeas corpus may be granted by either a district court or this Court and, as a result, the denial of such a writ by a district court is not res judicata because it does not divest us of jurisdiction to grant a subsequent petition. *Morrison*, ¶ 8 (citing *Hart*, 178 Mont. at 241, 583 P.2d at 414, and § 46-22-202(1), MCA).

*Thomas v. Doe*, 2011 MT 283, ¶ 3, 362 Mont. 454, 266 P.3d 1255. While Lacey may not be able to appeal the court's decision, he is not precluded from seeking habeas corpus relief with this Court. Accordingly,

IT IS ORDERED that Lacey's Petition for a Writ of Supervisory Control is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to the Honorable Gregory R. Todd, Thirteenth Judicial District Court; to Terry Halpin, Clerk of District Court, Yellowstone County, under Cause No. DV-19-1645; to counsel of record; and to Daniel Gerard Lacey personally.

DATED this 24 day of March, 2020.

_____
Chief Justice

_____
_____
_____
_____
Justices