

FILED

08/24/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0070

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 21-0070

STATE OF MONTANA,

Plaintiff and Appellee,

v.

CAMERON MASON STONE,

Defendant and Appellant.

FILED

AUG 24 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Before this Court is an Opposed Motion to Dismiss Appeal filed by counsel for the State of Montana. Self-represented Appellant Cameron Mason Stone has not filed a written response.

The State explains that Stone appeals a December 16, 2020 Yellowstone County District Court Order denying his "MOTION TO DISMISS WITH PREJUDICE; EXON[E]RATION OF UNLAWFUL CHARGES AND IMMED[I]ATE RELEASE FROM UNLAWFUL IMPRISONMENT AS A [sic] OF INVALID CHARGES AND SENTENCING BASED ON LACK OF SUBJECT MATTER JURISDICTION" that the District Court construed as a petition for a writ of habeas corpus. (Emphasis in original). The State provides that on November 14, 2018, the District Court committed Stone to the Department of Corrections for a ten-year sentence with six years suspended after Stone pleaded guilty to felony sexual intercourse without consent. The State adds that Stone did not appeal nor did he seek postconviction relief. Instead, the State submits that more than two years later, Stone moved the District Court for relief, including release from prison and full exoneration, arguing that the court did not grant leave to file the original Information and was without subject matter jurisdiction. The State contends that Stone has no right to appeal a court's denial of his petition for a writ of habeas corpus. See § 46-22-307, MCA. The State points to this Court's earlier decisions where we dismissed appeals

because they were improperly before this Court. *State ex rel. Graveley v. Dist. Ct.*, 178 Mont. 1, 4-5, 582 P.2d 775, 777 (1978) and *State v. Mahoney*, No. DA 16-0166, Order, 2016 Mont. LEXIS 1134 (Jun. 7, 2016).

This Court reviewed the District Court record on file here. As provided, Stone was sentenced in open court on November 14, 2018. Counsel for Stone moved to withdraw in March 2019, and the court granted the motion. On September 18, 2019, the court held a sentence review hearing in accordance with §§ 41-5-2501 through 41-5-2510, MCA, the Criminally Convicted Youth Act, because Stone was seventeen years old at the time of the offense. The District Court considered Stone's progress while in prison and the victim's opposition to a sentence modification, declining to modify the sentence previously imposed. On October 16, 2020, Stone filed a "MOTION TO COMPEL THE PRODUCTION OF DEFENDANTS ENTIRE CASE FILES, DISCOVERY, TRANSCRIPTS AND ALL AND ANY OTHER [PERTINENT] INFORMATION AND RECORDS FOR WRIT OF HABEAS CORPUS." (Emphasis in original). On November 19, 2020, Stone also filed the motion at issue concerning dismissal and exoneration, challenging subject matter jurisdiction. The District Court deemed Stone's pleadings, as the State explains, a petition for habeas corpus relief because Stone was collaterally attacking the legality of his present incarceration. The court denied his petition, noting that Stone had attached a copy of its Order granting leave to his brief, filed in District Court on November 19, 2020, and that the court "did grant leave to file the Information."

We find the State's arguments persuasive here. "Under Montana law no appeal lies from the order denying a writ of habeas corpus in a proceeding criminal in nature, where the issue to be determined is the freedom of petitioner, or the legality of petitioner's detention." *Graveley*, 178 Mont. at 4-5, 582 P.2d at 777 (citations omitted). This Court must dismiss Stone's appeal of a decision denying a petition for habeas corpus relief. *See also Thomas v. Doe*, 2011 MT 283, ¶ 3, 362 Mont. 454, 266 P.3d 1255. Accordingly,

IT IS ORDERED that the State's Opposed Motion to Dismiss Appeal is GRANTED and that this appeal is DISMISSED with prejudice.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Cameron Stone.

DATED this 24th day of August, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices