No. 00-364

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 165

STATE OF MONTANA,

Plaintiff and Respondent,

v.

DONALD P. ROGERS,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

Honorable John W. Larson, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Chad Wright, Appellate Defender, Helena, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; Jennifer

Anders, Assistant Attorney General, Helena, Montana

Fred Van Valkenburg, County Attorney, Missoula, Montana

Submitted on Briefs: January 11, 2001

Decided: August 21, 2001

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Donald Rogers (Rogers) appeals from the order of the Fourth Judicial District Court denying post-conviction relief. The District Court found that Rogers's claims of defense counsel's error in failing to request a "failure to agree" jury instruction and failing to preserve Rogers's right to appeal lacked merit and, therefore, any error was harmless. The court granted Rogers's double jeopardy claim and reversed the ten-year sentence enhancement for use of a weapon. We reverse.

¶2 The following issues are raised on appeal:

I. Did the District Court err when it found that the failure to request a "failure to agree" jury instruction did not constitute ineffective assistance of counsel?

II. Did the District Court err when it found that defense counsel's failure to preserve Rogers's right to appeal was harmless?

Factual and Procedural Background

¶3 In the fall of 1995, Angela Tretteen (Tretteen) and Rogers were in Rogers's car when he fired a gun out the window several times. Although Tretteen's version of what happened differs from Rogers's version, both agree that Rogers made sexual advances, that Tretteen rebuffed his advances and that the gun was fired. Tretteen testified that Rogers made sexual advances and when she rebuffed him, he pulled out the gun and pointed it at her demanding that she have sex with him. After she again refused, Tretteen testified, he shot the gun out the window before again demanding she have sex with him. Witnesses for Rogers testified that shortly after the incident, Tretteen said that Rogers did not point the gun at her and that he did not try to rape her.

¶4 Rogers was charged with one count of attempted sexual intercourse without consent and one count of felony assault. At trial, the District Court provided jury instructions with misdemeanor sexual assault and misdemeanor assault as lesser included offenses of the two charged offenses. Rogers's attorney requested the "acquittal first" instruction which provided that the jury was not to consider the lesser included offenses unless they first acquitted on the greater offenses. The jury acquitted Rogers of attempted sexual intercourse without consent and its lesser included offense of misdemeanor sexual assault and convicted him of felony assault. Rogers was subsequently sentenced to ten years for felony assault with a ten-year sentence enhancement for the use of a weapon in the commission of the felony assault.

¶5 The attorney who represented Rogers at trial declined to file a notice of appeal, asserting that he saw no appealable issues. Nine months after final judgment was entered, Rogers attempted to file a notice of appeal, *pro se*. This Court dismissed that appeal and ordered that any claims abandoned due to counsel's failure to file a notice of appeal could be raised before the District Court in a petition for post-conviction relief.

¶6 Rogers filed a petition for post-conviction relief in which he alleged: 1) his counsel was ineffective when he did not request a "failure to agree" instruction for the lesser included offenses; 2) his counsel was ineffective for failing to preserve his right to appeal; 3) the ten- year sentence enhancement for use of a weapon in the commission of the felony assault subjected Rogers to double jeopardy. After a hearing, the District Court denied Rogers's first two claims, finding that neither justified reversal of his conviction and therefore constituted harmless error. The court granted Rogers's double jeopardy claim and ordered the removal of the ten-year sentence enhancement.

## Discussion

I. Did the District Court err when it found that the failure to request a "failure to agree" jury instruction did not constitute ineffective assistance of counsel?

¶7 A defendant's right to assistance of counsel is guaranteed by Article II, Section 24 of the Montana Constitution and by the Sixth Amendment to the United States Constitution. The right to counsel means the right to effective assistance of counsel. *State v. Enright* (1988), 233 Mont. 225, 758 P.2d 779; *Strickland v. Washington* (1984), 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674, 692.

¶8 In *Boyer,* we adopted the *Strickland* standard which provides that a defendant is denied effective assistance of counsel if: (1) counsel made errors so serious that his conduct fell short of the range of competence required of attorneys in criminal cases; and (2) counsel's errors were prejudicial. *State v. Boyer* (1984), 215 Mont. 143, 695 P.2d 829. The United States Supreme Court recently warned however, that "[n]o particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel. Rather, courts must judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Roe v. Flores-Ortega* (2000), 528 U.S. 470, 477, 120 S.Ct. 1029, 1034-35, 145 L.Ed.2d 985, 995 (internal citations omitted).

¶9 We recently reiterated that, to constitute ineffective assistance, counsel's actions must stem from ignorance or neglect rather than from professional strategic decisions. *State v. Aliff*, 2001 MT 52, ¶ 13, 304 Mont. 310, ¶ 13, 21 P.3d 624, ¶ 13 (citing *State v. Gonzalez* (1996), 278 Mont. 525, 532, 926 P.2d 705, 710). In *Aliff* and *Gonzales*, counsel for each defendant made a tactical decision to not offer a jury instruction regarding a defense available to him, but not presented at trial. In both *Aliff* and *Gonzales*, the defendant failed, on appeal, to sustain the substantial burden of proving that the tactical decision of defense counsel fell outside of the range of competence demanded of an attorney in a criminal case.

¶10 We have also found that because there is a strong presumption that counsel will exercise professional judgment, a defendant fails to meet his burden of establishing that counsel's actions were in error if the record is devoid of evidence indicating that counsel's choice of instruction was the result of neglect or ignorance. *State v. Hubbel*, 2001 MT 31, ¶ 21, 304 Mont. 184, ¶ 21, 20 P.3d 111, ¶ 21.

¶11 Rogers contends that not requesting the "failure to agree" jury instruction allowed by § 46-16-607(3), MCA, constituted deficient performance. Section 46-16-607(3) provides that "[u]pon request of the defendant at the settling of instructions, the court shall instruct the jury that it may consider the lesser included offense if it is unable after reasonable effort to reach a verdict on the greater offense." Rogers argues that the "acquittal first" instruction significantly limited the jury's ability to consider the lesser included offense of misdemeanor assault. In support of his claim, Rogers relies on *United States v. Jackson*, in which the Ninth Circuit warned against the risk of requiring acquittal of the greater offense before allowing consideration of the lesser included offense, stating:

> [J]urors harboring a doubt as to defendant's guilt of the greater offense but at the same time convinced that defendant had committed some offense might wrongly yield to the majority and vote to convict of the greater offense rather than not convict defendant of any offense at all.

*United States v. Jackson (9th Cir. 1984), 726 F.2d 1466, 1470.*

¶12 Rogers argues that since § 46-16-607(3), MCA, was drafted to protect against the serious risk identified by the *Jackson* court, defense counsel had an obligation to offer it unless he had a strategic reason for not doing so. In support of his contention that counsel had no strategic reason, Rogers relies on defense counsel's statements that he was unaware that the jury instruction he offered did not include the "failure to agree" clause allowed by the statute. Rogers relies on defense counsel's testimony that he *did* know that he was allowed to offer the "failure to agree" instruction provided for in § 46-16-607(3), MCA, and that he did *not* make a conscious choice not to do so.

¶13 The District Court found that counsel's failure to offer the "failure to agree" instruction was error. Although Rogers's attorney stated he knew that the "failure to agree" instruction was available, he could articulate no reason for limiting the jury's consideration of the misdemeanor assault charge. In this case, the attorney exercised no professional judgment and made no strategic decision in not offering the instruction allowing the jury to consider the misdemeanor charge without first acquitting Rogers on the felony assault charge. We agree that the failure to offer this potentially beneficial instruction, when that failure is not part of counsel's trial strategy, is an error so serious that it falls outside of the range of competence required of attorneys in criminal cases. Thus the first prong of the *Strickland* test is satisfied, and we move on to address whether the deficient performance was prejudicial.

¶14 To establish prejudice, a defendant must show there is a reasonable probability that but for counsel's errors, the result of the proceedings would have been different. "A reasonable probability is a probability sufficient to undermine confidence in the outcome," but it does not require that a defendant demonstrate that he would have been acquitted. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

¶15 We have previously held that a court must accept the "failure to agree" instruction when defense counsel timely offers it. *State v. Robbins*, 1998 MT 297, ¶ 40, 292 Mont. 23 ¶ 40, 971 P.2d 359, ¶ 40. In *Robbins* we further held that the failure to offer a "failure to

agree" instruction was harmless where the record revealed insufficient evidence to support a conviction on the lesser included offense. *Robbins*, ¶ 41.

¶16 The question Rogers presents however is whether, having offered a lesser included offense instruction, it was prejudicial for his attorney to fail, without tactical reason, to maximize the jury's ability to *consider* the lesser included offense. We conclude that such failure was prejudicial to Rogers.

¶17 Rogers asserts that the jury's verdicts were divergent and that such divergence raises a reasonable probability that had the "failure to agree" instruction been offered, the result would have been different. Rogers maintains that to acquit him of attempted sexual intercourse without consent, the jury had to reject Tretteen's testimony that, in an attempt to have sexual intercourse with her, he used the gun to threaten infliction of bodily harm. To then convict Rogers of felony assault, Rogers argues, the jury had to accept the same testimony by Tretteen that it apparently rejected in acquitting Rogers of attempted sexual intercourse without consent. Rogers argues that defense counsel's failure to maximize the jury's ability to consider the lesser included offense, in light of these allegedly inconsistent verdicts, is sufficient to undermine the confidence in the outcome.

¶18 The State responds that Rogers's claim incorrectly implies that had the "failure to agree" instruction been offered, the jury could have considered both the felony assault and the misdemeanor assault simultaneously. The State argues further that without an inquiry from the jury indicating confusion or disagreement, Rogers cannot support his burden of proof that counsel's failure to offer a "failure to agree" instruction was prejudicial. Because there is no evidence suggesting the jury was deadlocked on the offense of felony assault, the State asserts, the jury would not have reached the lesser included offense, even if a "failure to agree" instruction had been given. Therefore, the State argues, any instructional error is harmless.

¶19 Rogers's argument that the jury verdicts are divergent is unpersuasive. In acquitting Rogers of both attempted sexual intercourse without consent and sexual assault, the jury simply found that while he may have caused Tretteen apprehension of bodily injury, his purpose was not to sexually assault her. In convicting Rogers of felony assault, the jury found that Rogers purposely or knowingly caused apprehension in Tretteen of serious bodily injury by threatening her with the gun. These two verdicts are not inconsistent and do not raise a reasonable probability that had the "failure to agree" instruction been offered, the result would have been different.

¶20 The State argues that unless there is "evidence that the jury is deadlocked or is confused," the failure to offer the "failure to agree" instruction is harmless. We disagree that jury deadlock is required to raise a reasonable probability that the jury might have reached a different verdict but for the error. *Strickland* requires only that a defendant show "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

¶21 The failure to offer a "failure to agree" instruction implicates the danger identified in *Jackson*, that jurors, harboring doubts as to a defendant's guilt on the greater offense, will wrongly yield to the majority rather than not convict the defendant of any offense at all. To protect against that risk, we hold that when sufficient facts exist to support a conviction for a lesser included offense, defense counsel shall offer the "failure to agree" instruction unless she or he has a tactical reason for not doing so.

¶22 In the case before us, counsel and the court concluded there was sufficient evidence of the lesser included offense to allow the jury to consider the lesser charge. Yet, after offering the lesser included offense instruction, defense counsel, with no strategic or tactical purpose, failed to maximize the jury's ability to consider the lesser included offense. Under the facts of this case, defense counsel's failure to offer the "failure to agree" instruction was prejudicial.

¶23 Rogers has established both error and prejudice under the *Strickland* test for ineffective assistance of counsel. We conclude that defense counsel provided Rogers with ineffective assistance, and we therefore reverse Rogers's felony assault conviction and remand for a new trial.

> II. Did the District Court err when it found that defense counsel's failure to preserve Rogers's right to appeal was harmless?

¶24 Because we reverse on the jury instruction issue, the failure to appeal issue is not dispositive. However, the District Court erred in ruling that counsel's failure to protect Rogers's right to appeal was harmless error. Failure to preserve a defendant's right to appeal when he has requested notice be filed is error. *Roe,* 528 U.S. at 477, 120 S.Ct. at 1035, 145 L.Ed.2d at 995. And when, but for counsel's deficient performance, defendant would have appealed, such error is prejudicial. *Roe*, 528 U.S. at 484, 120 S.Ct. at 1038, 145 L.Ed.2d at 999.

¶25 Defense counsel refused to file a notice of appeal asserting there were no appealable issues. Rogers consequently missed the deadline for filing a notice of appeal. During post-conviction review, the District Court agreed with defense counsel and ruled that counsel's failure to protect Rogers's right to appeal was harmless error because Rogers's claims lacked merit.

¶26 However, a defendant's right to appellate counsel must be safeguarded and allowing counsel to be the final judge of the merits of an appeal does not adequately safeguard this right. *Smith v. Robbins* (2000), 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756. We have adopted the procedure set forth in *Anders,* and we require that, if after a conscientious review, counsel concludes an appeal is wholly frivolous, counsel must advise the court and request permission to withdraw. *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.

¶27 Following the *Anders* procedure protects a defendant's right to effective assistance of counsel on appeal. Defense counsel in the case at hand did not follow this procedure but simply repeatedly refused Rogers's request to file a notice of appeal. Furthermore, in granting relief on Rogers's double jeopardy appeal issue, the District Court contradicted its own ruling that all of Rogers's claims were frivolous. Clearly the District Court believed that at least one of the appeal issues had merit. The record also clearly indicates that but for counsel's deficient performance, Rogers would have appealed. The failure to appeal therefore violated Rogers's constitutional right to counsel, and we reverse the District Court's finding that such error was harmless.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ PATRICIA COTTER