No. 02-050

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 286

STATE OF MONTANA,

        Plaintiff and Respondent,

  v.

EDWARD WAYNE TWEED,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Second Judicial District,
                         In and for the County of Silver Bow,
                         The Honorable Kurt Krueger, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Chad Wright, Appellate Defender, Helena, Montana; Eldena Bear Don't
      Walk, Anna Starkson, Student Interns, Criminal Defense Clinic, University
      of Montana, Missoula, Montana

        For Respondent:

                Mike McGrath, Montana Attorney General, Mark W. Mattioli, Assistant
      Montana Attorney General, Helena, Montana; Robert M. McCarthy, Silver
      Bow County Attorney, Samm Cox, Deputy Silver Bow County Attorney,
  Butte, Montana

Submitted on Briefs: October 3, 2002

Decided: December 10, 2002

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1      Edward Wayne Tweed presents an out-of-time appeal of the denial by the Second Judicial District Court, Silver Bow County, of his motion to withdraw two guilty pleas entered on counts of sexual intercourse without consent.  We reverse and remand.

¶2      I.  Did the District Court err by granting Tweed an out-of-time appeal?

¶3      II.  Did the District Court abuse its discretion by denying Tweed's motion to withdraw his guilty pleas?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4      Charged by information for the sexual abuse of the young daughters of his live-in girlfriend over a three-year period, Edward Wayne Tweed pleaded guilty before the Honorable James E. Purcell pursuant to a plea agreement.  In exchange for the State dropping two counts of felony sexual assault, Tweed pleaded guilty to two counts of sexual intercourse without consent.  The plea agreement specified that the State agreed to recommend 30-year concurrent sentences to the Montana State Prison on each count with 20 years suspended.  At the change-of-plea hearing on December 14, 2000, the court conducted a brief colloquy and Tweed entered his guilty pleas, which the court accepted.

¶5      Tweed appeared for sentencing before the Honorable Kurt Krueger,  the newly elected district court judge, on March 1, 2001.  Judge Krueger rejected the terms of the plea agreement and, in accordance with the recommendations of the probation officer who conducted the presentence investigation, sentenced Tweed to concurrent terms of 30 years with only 10 years suspended.

¶6      Tweed filed a motion to withdraw his guilty plea on March 12, 2001, claiming that he reasonably relied upon the statement by Judge Purcell that the court would follow the pretrial

2

agreement on sentencing. At the hearing on June 14, 2001, Tweed alleged that his attorney provided ineffective assistance by assuring him that the court would follow the sentencing recommendations of the plea agreement. The court concluded that Tweed's counsel provided effective assistance and denied Tweed's motion to withdraw his guilty pleas by order filed on July 23, 2001.

¶7    On August 31, 2001, the District Court granted trial counsel's motion to withdraw from representation and appointed the Montana Appellate Defenders' Office as counsel of record. Although the record indicates Tweed's intention to appeal the denial of his motion to withdraw his guilty pleas, neither trial counsel nor appellate counsel filed a timely notice of appeal.

¶8    On December 7, 2001, Tweed's appellate counsel filed a motion and brief in the District Court requesting an out-of-time appeal. Tweed averred that appellate counsel had relied upon the verbal assurance of Tweed's trial counsel that trial counsel had filed a notice of appeal and requested the production of transcripts when, in fact, neither filing had occurred. The County Attorney did not oppose the motion, and the court granted Tweed an out-of-time appeal on January 8, 2002. With the District Court's permission to proceed with an out-of-time appeal, appellate counsel filed a notice of appeal in the District Court on January 18, 2002. The case and controversy was submitted for consideration by this Court nearly six months after the District Court denied Tweed's motion to withdraw his guilty pleas.

**ISSUE I**

¶9    *Did the District Court err by granting Tweed an out-of-time appeal?*

¶10    As a matter of first impression, we discuss the jurisdiction and procedure for obtaining an out-of-time appeal. The record in this case reveals that Tweed intended to appeal the District

3

Court's denial of his motion to withdraw his two guilty pleas, but neither his trial counsel nor appellate counsel filed the notice of appeal. Tweed filed a motion with the District Court requesting an out-of-time appeal and argued that he had been denied his right to effective assistance of counsel when counsel failed to perfect an appeal as he had requested. Upon a finding that the State raised no objection to the out-of-time appeal, the District Court granted Tweed's motion.

¶11    Article VII, Section 2 of the Montana Constitution establishes Supreme Court appellate jurisdiction. This Court has long held that the time limits for filing an appeal are mandatory and jurisdictional. *Joseph Eve & Co. v. Allen* (1997), 284 Mont. 511, 514, 945 P.2d 897, 899. When a defendant fails to comply with the manner and time frames required by Rule 5, M.R.App.P., for perfecting an appeal, this Court lacks jurisdiction to hear the appeal. *Foster Apiaries, Inc. v. Hubbard Apiaries* (1981), 193 Mont. 156, 159, 630 P.2d 1213, 1215 (citing *Price v. Zunchich* (1980), 188 Mont. 230, 235, 612 P.2d 1296, 1299). Our Rules of Appellate Procedure do not establish jurisdiction, but the Rules set forth the procedures that must be followed to invoke Supreme Court jurisdiction so that the Court may hear an appeal.

¶12    Section 46-20-101(2), MCA, provides that the only method of review in criminal cases shall be by notice of appeal. And, Rule 5(b), M.R.App.P., requires a convicted person to file notice within 60 days after entry of judgment to perfect an appeal. Failing that, a district court may grant a motion to extend the time for filing notice for another 30 days "upon a showing of excusable neglect or good cause." Rule 5(c), M.R.App.P. Thus, Rule 5(c), M.R.App.P., contemplates that the defendant will file a late notice of appeal within the 30-day extension or within 10 days from entry of the order granting the motion for an extension, whichever occurs later. Consequently, under Rule 5, M.R.App.P., if a defendant takes no action to perfect an appeal within 90 days following

4

entry of judgment, the district court loses its authority to grant a time extension and the appeal is out-of-time. *Zell v. Zell* (1977), 172 Mont. 496, 500, 565 P.2d 311, 313.

¶13    Since Tweed's counsel failed to file a notice of appeal within 60 days after the entry of judgment, as required by Rule 5(b), M.R.App.P., and also failed to file a motion for an extension of time during the subsequent 30-day period, as allowed by Rule 5(c), M.R.App.P., Tweed's appeal is out of time.

¶14    An out-of-time appeal is a remedy that may be available to a criminal defendant who, through no fault of his own, misses a deadline for filing an appeal. *State v. Garner*, 1999 MT 295, ¶ 10, 297 Mont. 89, ¶ 10, 990 P.2d 175, ¶ 10. However, our Rules of Appellate Procedure include no specific provision for an out-of-time appeal. Rule 21(b), M.R.App.P., which deals with extensions of time generally, provides, in pertinent part:

> [T]he court for good cause shown may upon motion extend the time prescribed by these rules or by its order for doing any act, and may thereby permit an act to be done after the expiration of such time if the failure to act was excusable under the circumstances; except the court in a civil case may not extend the time for filing a notice of appeal, except as provided in Rule 5. Within the text of each motion requesting an extension of time submitted to the court for its consideration, counsel shall note that opposing counsel has been contacted concerning the motion and whether opposing counsel objects to the motion.

While Rule 21(b), M.R.App.P., specifically precludes an out-of-time appeal in a civil case, the Rule does not preclude this Court from addressing a motion for an out-of-time appeal in a criminal matter.

¶15    We hold that the District Court lacks jurisdiction to grant an out-of-time appeal, as occurred in this case. In holding that this Court has exclusive jurisdiction to grant a motion for an out-of-time appeal arising from a district court judgment, we also conclude that such a motion is an original proceeding before this Court and the provisions of Rule 17, M.R.App.P., apply. In order to obtain an out-of-time appeal, the *pro se* defendant or defendant's counsel shall file a motion with this

5

Court. Within the text of the motion, the movant shall note that opposing counsel has been contacted concerning the motion and whether opposing counsel objects to the motion. Rule 21(b), M.R.App.P. At our discretion, we may order a summary response or responsive briefing from opposing counsel. Rule 17(f) and (h), M.R.App.P. The record submitted to this Court with a motion for an out-of-time appeal must be sufficient to allow the Court to determine the reasons for the failure to file a timely appeal. If we determine that the record is not sufficient, we may put aside our review and remand the matter to the district court for an evidentiary hearing and factual findings on the circumstances of the failure. Upon a showing that the failure to notice a criminal appeal in a timely manner was "excusable under the circumstances," pursuant to Rule 21(b), M.R.App.P., this Court may conclude that an out-of-time appeal is the appropriate remedy. In such an event, we will order the matter remanded to the district court with an instruction to vacate and re-enter judgment to afford the defendant a second opportunity to act within the statutory time frames for filing notice of appeal. *Accord Rodriquez v. U.S.* (1969), 395 U.S. 327, 332, 89 S.Ct. 1715, 1718, 23 L.Ed.2d 340; *U.S. v. Pearce* (1993 9th Cir.), 992 F. 2d 1021, 1023.

¶16     Tweed's assertion that he requested counsel to file an appeal stands undisputed. But for the deficient performance of counsel in failing to file, Tweed claims he would have appealed the denial of his motion to withdraw his guilty pleas by the District Court in a timely manner.

¶17     A defendant's right to assistance of counsel is guaranteed by Article II, Section 24 of the Montana Constitution and by the Sixth Amendment to the United States Constitution. The right to counsel means the right to effective assistance of counsel. *State v. Rogers*, 2001 MT 165, ¶ 7, 306 Mont. 130, ¶ 7, 32 P.3d 724, ¶ 7 (citing *Strickland v. Washington* (1984), 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674). This Court adopted the *Strickland* standard, which provides that

6

a defendant is denied effective assistance of counsel if: (1) counsel made errors so serious that his conduct fell short of the range of competence required of attorneys in criminal cases; and (2) counsel's errors were prejudicial. *State v. Boyer* (1985), 215 Mont. 143, 147, 695 P.2d 829, 831.

¶18    Failure to preserve a defendant's right to appeal when the defendant has requested notice be filed is error. *Rogers*, ¶ 24 (citing *Roe v. Flores-Ortega* (2000), 528 U.S. 470, 477, 120 S.Ct. 1029, 1034-35, 145 L.Ed.2d 985). Moreover, when, but for counsel's deficient performance, a defendant would have appealed, such error is prejudicial. *Rogers*, ¶ 24 (citing *Roe*, 528 U.S. at 484, 120 S.Ct. at 1038, 145 L.Ed.2d 985).

¶19    When confronted with criminal defendants who failed to preserve their right to appeal by filing timely notice, this Court has denied the appeal due to lack of Supreme Court jurisdiction, *State ex rel. Treat v. District Court* (1950), 124 Mont. 234, 221 P.2d 436; *State ex rel. Graveley v. District Court of First Judicial District* (1978), 178 Mont. 1, 582 P.2d 775; dismissed the appeal but afforded substantive review of contended errors, *State v. Frodsham* (1961), 139 Mont. 222, 362 P.2d 413; or, reviewed by postconviction petition the issues that would have been raised on appeal, *State v. Finney* (1997), 281 Mont. 58, 931 P.2d 1300. Upon the defendant's motion in *State v. Bromgard* (1993), 261 Mont. 291, 292, 862 P.2d 1140, 1140, we set aside our dismissal of an appeal for failure to brief and granted an out-of-time appeal. By contrast, in *Hans v. State* (1997), 283 Mont. 376, 410, 942 P.2d 674, 693, rather than grant an out-of-time appeal to a defendant whose attorney withdrew notice of appeal without advising his client, we held that claims foreclosed from appeal could be raised by postconviction petition. In other words, for defendants whose attorneys abandon their appeals, this Court expanded the postconviction relief proceedings to encompass claims of ineffective assistance of trial counsel, all claims that could have been raised on direct appeal and all

7

claims that would normally be appropriate in a petition for postconviction relief. *In Petition of Hans* (1998), 288 Mont. 168, ¶ 19, 958 P.2d 1175, ¶ 19. Through the postconviction process, the defendant in *Rogers* claimed counsel refused to file an appeal as requested, which we held constituted ineffective assistance and remedied by remanding for a new trial on the basis of other errors. *Rogers,* ¶ 25. When presented with counsel who failed to preserve the defendant's right to appeal in *State v. Adams*, 2002 MT 202, ¶ 17, 311 Mont. 202, ¶ 17, 54 P.3d 50, ¶ 17, we held that because Adams would have been entitled to counsel on direct appeal, the interests of justice required that counsel be appointed to assist him throughout his postconviction proceedings on remand. *Adams*, ¶ 20.

¶20 Tweed argues that, unlike the attorneys in *Hans, Rogers* and *Adams,* his trial and appellate counsel did not intentionally abandon his appeal. In his case, failure to submit a timely notice of appeal occurred because of a filing oversight and mis-communication. Tweed also points out that the postconviction process is civil in nature and imports no constitutional requirement that counsel be appointed to assist him. *State v. Bromgard* (1995), 285 Mont. 170, 948 P.2d 182. In addition, he cites *Tecca v. McCormick* (1990), 246 Mont. 317, 318, 806 P.2d 11, 12, for the proposition that an indigent petitioner has no right to a no-cost trial transcript in order to prepare for postconviction proceedings. Finally, Tweed argues that a postconviction challenge to the District Court's ruling on his motion to withdraw his guilty pleas constitutes an exercise in futility because a postconviction petition would bring him before the same court that rejected this very motion just months earlier.

¶21 We conclude that, by failing to file timely notice, Tweed's counsel failed to preserve his right to appeal. While counsel's error may not have been intentional in this case, the error is prejudicial *per se,* constitutes ineffective assistance and violates Tweed's constitutional right to counsel. We

also agree with Tweed's argument that postconviction proceedings are an inadequate remedy. Consequently, we conclude that Tweed's failure to file a timely appeal is excusable under the circumstance of ineffective assistance and an out-of-time appeal is the appropriate remedy.

¶22 Because, as already noted, the matters discussed in this issue are of first impression; because the procedure set out at ¶ 15 is newly adopted; because of the unusual procedural posture of this case--an out-of-time appeal has already been granted, albeit by the wrong court; and because we have a sufficient record before us to reach the merits of Tweed's appeal, we will proceed directly to that.

## ISSUE II

¶23 *Did the District Court abuse its discretion by denying Tweed's motion to withdraw his guilty pleas?*

¶24 A defendant waives numerous constitutional rights and protections when pleading guilty to criminal charges. For this reason, a guilty plea must be a voluntary, knowing, and intelligent choice among the alternative courses of action open to the defendant. *State v. Sanders*, 1999 MT 136, ¶ 14, 294 Mont. 539, ¶ 14, 982 P.2d 1015, ¶ 14 (citing *State v. Bowley* (1997), 282 Mont. 298, 304, 938 P.2d 592, 595). The trial court may permit the plea of guilty to be withdrawn, at any time before or after judgment, for good cause shown. Section 46-16-105(2), MCA.

¶25 In determining whether to allow a defendant to withdraw a guilty plea, the court must consider each case in light of its own unique record. *Sanders*, ¶ 15 (citing *Bowley*, 282 Mont. at 304, 938 P.2d at 595). All doubt as to whether good cause exists for the withdrawal of a guilty plea should be resolved in favor of a trial on the merits. *Sanders*, ¶ 15 (citing *State v. Schaff*, 1998 MT 104, ¶ 16, 288 Mont. 421, ¶ 16, 958 P.2d 682, ¶ 16). A court will permit a change of plea if it fairly

appears that the defendant was in ignorance of his rights and of the consequences of his act. *Sanders*, ¶ 15 (citing *Schaff*, ¶ 17).

¶26   Our standard for reviewing a district court's denial of a motion to withdraw a guilty plea is whether the district court abused its discretion. *Sanders,* ¶ 16 (citing *Bowley*, 282 Mont. at 304, 938 P.2d at 595).   In determining whether a district court abused its discretion in denying a motion to withdraw a guilty plea, this Court considers three factors: (1) adequacy of the court's interrogation at the time the plea was entered regarding the defendant's understanding of the consequences of the plea; (2) the promptness with which the defendant attempts to withdraw the plea; and (3) the fact that the plea was the result of a plea bargain in which the guilty plea was given in exchange for the dismissal of another charge. *Sanders*, ¶ 16. When a guilty plea is based on a fundamental mistake or misunderstanding as to its consequences, the court may allow the defendant to withdraw the guilty plea. *Sanders,* ¶ 21 (citing *Benjamin v. McCormick* (1990), 243 Mont. 252, 256, 792 P.2d 7, 10).

¶27   As a result of a plea bargaining process, Tweed agreed to change his not guilty pleas to guilty on two counts of sexual intercourse without consent in exchange for the prosecution's dismissal of two counts of sexual assault.  Tweed entered his change of plea before Judge Purcell on December 14, 2000.  At the sentencing hearing before Judge Krueger on March 1, 2001, Deputy County Attorney Samm Cox urged the court to sentence Tweed in accordance with the plea agreement, which recommended 30-year sentences for each offense to run concurrently, with 20 years suspended on each count. The prosecutor declined to call the presentence investigator, Kelly Speer, as a witness because Speer's sentencing recommendations differed from the prosecutor's recommendations.  Judge Krueger called Speer to the stand and questioned her himself.  Speer testified that Tweed posed a low to moderate risk of re-offending, according to the professional

10

psychosexual evaluation conducted as part of the presentence investigation. However, Speer noted that Tweed failed to understand how severely damaging his behavior had been to his victims. Tweed admitted to sexually violating both young girls repeatedly over a period of three years. Speer urged the court to require that Tweed complete Phases I and II of the sexual offender treatment program while in prison and recommended concurrent, 30-year sentences, with only 10 years suspended. The court followed Speer's recommendations in sentencing.

¶28　The parties acknowledge that Tweed agreed to plead guilty in exchange for the prosecution dismissing two counts of sexual assault. Tweed concedes that the County Attorney abided by the terms of the agreement when offering sentencing recommendations to the court. The record also shows that Tweed moved to withdraw his guilty pleas in a timely manner. The dispute on appeal is whether the court's interrogation at the change of plea hearing was adequate to insure that Tweed understood the consequences of his act in order to enter a knowing, voluntary and intelligent plea.

¶29　Tweed claims that he entered his guilty pleas with the understanding that the court would sentence him in accordance with the plea agreement. He asserts that his trial attorney reassured him throughout the plea negotiations that the court would abide by the terms of the plea agreement even though the agreement does not expressly bind the court. In response to the court's inquiry at the change of plea hearing regarding the existence of the plea agreement, Tweed's counsel answered:

> There's a pretrial agreement, Your Honor, and pursuant to that pretrial agreement, I'll make a motion to be allowed to withdraw previously [sic] pleas of not guilty and enter pleas of guilty in accordance with the pretrial agreement, Your Honor.

¶30　During the colloquy with the defendant that followed, the District Court admonished Tweed that by pleading guilty he would be sentenced to time at Montana State Prison. Judge Purcell asked Tweed the following questions:

11

> Do you understand that you're presumed to be innocent of the charges here? These are merely charges, and that if you admit them to me as set forth in the pretrial agreement, *I have no alternative but to sentence you in accordance with this pretrial agreement*, do you understand that? [Emphasis added.]

The court then contradicted the above statement and explained to Tweed the court was not bound by the pretrial agreement and could sentence Tweed to more or less prison time than recommended by the prosecutor.

¶31 The record shows that before Tweed entered his guilty pleas, the District Court advised him that the court would follow the sentencing recommendations of the plea agreement and that the court was free to sentence Tweed to more or less time than stated in the agreement. Moments after Tweed changed his pleas, Judge Purcell offered the following statement:

> Let the record show that the Defendant has pled guilty pursuant to the pretrial agreement of Count I and III of the information. The Court in this instance will order a presentence investigation, and the pretrial agreement has been consented to the Court, however, until such time as--that it's binding on the Court, the Court will not file it until after the presentence investigation is completed. And assuming that the presentence investigation is in order, *the Court will follow the presentence and even--will follow the pretrial agreement. That may be--it may be with the new judge, but he's bound by my agreement.* [Emphasis added.]

¶32 Tweed argues that the transcript of the colloquy between himself and the court and the above statement by Judge Purcell illustrate the confusion under which Tweed entered his guilty pleas and explains how Tweed came to have an incorrect understanding of the legal effect of the pretrial agreement's sentencing recommendations upon the court.

¶**33** The District Court's contradictory statements lend credence to Tweed's claim that he held a mistaken understanding of the binding effect upon the court of the pretrial agreement's sentencing recommendations. In view of the irregularities in the interrogation at the change of plea hearing, we conclude that any doubt about whether Tweed was precluded from entering a knowing, voluntary

12

and intelligent plea due to a misunderstanding about the consequences of his act should be resolved in favor of a trial on the merits. We hold that the District Court abused its discretion in denying Tweed's motion to withdraw his guilty pleas.

¶34    Reversed and remanded for further proceedings consistent with this Opinion.

/S/ JAMES C. NELSON

We Concur:

/S/ TERRY N. TRIEWEILER
/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE