No. 04-393

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 184N

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

JANA LEHMAN,

        Defendant and Appellant.

APPEAL FROM:    The District Court of the Eighth Judicial District,
                    In and For the County of Cascade, Cause No. DDC 2004-089,
                    Honorable Dirk M. Sandefur, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Jane M. Berger, Attorney at Law, Great Falls, Montana

        For Respondent:

            Honorable Mike McGrath, Attorney General; Jennifer Anders,
            Assistant Attorney General, Helena

            Brant S. Light, County Attorney; Sarah Corbally, Deputy County
            Attorney, Great Falls, Montana

                      Submitted on Briefs:  June 29, 2005

                                Decided:  July 20, 2005

Filed:

                                      _____
                                              Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2      Jana Lehman appeals from the District Court's summary dismissal of her appeal from her conviction in the Justice Court. We reverse the summary dismissal and remand for appellate review in the District Court.

¶3      We address the following issue on appeal:

¶4      What relief is appropriate to Lehman given that she has received ineffective assistance of counsel through the failure of her counsel to file an appeal brief in an appeal from the Justice Court to the District Court?

## FACTUAL AND PROCEDURAL BACKGROUND

¶5      On May 30, 2003, Lehman was arraigned in the Justice Court for Cascade County on charges of DUI (2nd Offense), Obstructing a Peace Officer, Minor in Possession of Alcohol, Misrepresentation of Age to Obtain Alcohol, No Insurance, Driving While Suspended, No Seatbelt, and Failure to Drive to the Right. On August 25, 2003, the State moved the court to dismiss the case without prejudice. The court granted the motion the next day. Then, in September 2003, the State refiled the case, again in Justice Court. After a bench trial

2

Lehman was found guilty on January 30, 2004, of all charges except Misrepresentation of Age to Obtain Alcohol.

¶6 Lehman's counsel then filed a notice of appeal to district court. However, her counsel then failed to file an appeal brief in District Court. In the wake of this failure, the State moved for summary dismissal of the appeal. The District Court granted this motion on April 28, 2004.

## DISCUSSION

¶7 *What relief is appropriate to Lehman given that she has received ineffective assistance of counsel through the failure of her counsel to file an appeal brief in an appeal from the Justice Court to the District Court?*

¶8 Lehman appeals the District Court's summary dismissal on the grounds that she was provided ineffective assistance of counsel through her former counsel's failure to file an appeal brief in the District Court. Since the State concedes that this failure constitutes ineffective assistance of counsel, we assume that to be the case and turn our attention to the question of what is the proper remedy.

¶9 Lehman argues that her appeal should be remanded to the District Court and that we grant her a trial *de novo*. Prior to 2003, appellants from justice court had the right to a trial *de novo* in district court. In 2003 the legislature eliminated trial *de novo* appeals from justice courts of record. Instead, in addressing an appeal from a justice court of record, a district court is confined to a review of the record and questions of law. Section 3-10-115, MCA. This legislation took effect on July 1, 2003. 2003 Mont. Laws, ch. 389, § 16. However, the

3

legislation contained a saving clause, explicitly stating that the new rule did not "affect rights and duties that matured, penalties that were incurred, or proceedings that were begun before [July 1, 2003]."

¶10   The Justice Court for Cascade County is a court of record. Therefore, Lehman only has the right to a trial *de novo* in district court if she is covered by the saving clause. She reasons that her "proceedings" began on May 30, 2003, the date of her original arraignment. However, the State contends that since the case was dismissed without prejudice and later refiled, the refile date, September 2003, is the date on which the "proceedings" began. We agree with the State in this regard. When an action is dismissed without prejudice, it is the same as if the charge had never been filed. *See Favel v. Am. Renovation and Const. Co.*, 2002 MT 266, ¶ 6 n.2, 312 Mont. 285, ¶ 6 n.2, 59 P.3d 412, ¶ 6 n.2.

¶11   Accordingly, Lehman does not have the right to a trial *de novo* in district court. This being the case, it would appear that the correct course of action is a remand to the District Court for appellate review. However, the State argues that *State v. Tweed*, 2002 MT 286, 312 Mont. 482, 59 P.3d 1105, counsels that we assume jurisdiction of the appeal. *Tweed* involved a defendant receiving ineffective assistance of counsel due to counsel's failure to file a notice of appeal. *Tweed*, ¶ 10. These similarities aside, *Tweed* is not relevant to the case *sub judice* because Tweed was convicted in district court and appealed on the merits to *this* Court. *Tweed*, ¶ 1. Here, Lehman appeals the District Court's summary dismissal, a dismissal which barred the District Court from considering the merits in the first place.

Having decided that Lehman was denied effective assistance of counsel, the proper course of action is a remand to the District Court for appellate review pursuant to § 3-10-115, MCA.

## CONCLUSION

¶12    We reverse the District Court's summary dismissal of Lehman's appeal from the Justice Court.  We also remand to the District Court for appellate review of the merits of the appeal.


/S/ W. WILLIAM LEAPHART


We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ PATRICIA O. COTTER
/S/ JIM RICE