No. 05-329

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 283

KEVIN WOEPPEL,

        Petitioner and Appellant,

   v.

CITY OF BILLINGS,

        Respondent and Respondent.

APPEAL FROM:    The District Court of the Thirteenth Judicial District,
                    In and For the County of Yellowstone, Cause No. DV 04-0709,
                    Honorable Ingrid G. Gustafson, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Jack E. Sands, Attorney at Law, Billings, Montana

        For Respondent:

        Honorable Mike McGrath, Attorney General; Jennifer M. Anders,
        Assistant Attorney General, Helena, Montana

        Stacy R. Tenney, Deputy City Attorney, Billings, Montana

                Submitted on Briefs:  June 28, 2006

                                Decided:  November 1, 2006

Filed:

_____
                   Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Kevin Woeppel appeals from an order of the Thirteenth Judicial District Court, Yellowstone County, denying his motion for postconviction relief. We reverse and remand.

¶2 The sole issue on appeal is whether the District Court erred when it denied Woeppel's petition for postconviction relief.

## BACKGROUND

¶3 Woeppel was charged in the City of Billings Municipal Court of partner or family member assault, pursuant to § 45-5-206(a), MCA, for allegedly assaulting his wife. Woeppel was tried without a jury and found guilty of the assault. Woeppel's wife did not testify at trial. The guilty verdict was based primarily on testimony of the investigating police officer and some photographs of the victim's neck.

¶4 The day after his conviction, Woeppel's trial attorney filed a notice of appeal in the Montana Thirteenth Judicial District Court. After the notice of appeal was filed, Woeppel obtained new counsel, Jeffrey Michael, to handle his appeal. When Michael did not file a brief in support of Woeppel's appeal by December 11, 2003, the City of Billings (City) filed a motion to dismiss. The District Court did not dismiss the appeal and instead set forth a briefing schedule. Woeppel was given until December 26, 2003, to file his initial brief. When this deadline came and went and Michael still did not file a brief, the City filed another motion to dismiss, which the court granted. The case was remanded to Municipal Court for re-sentencing.

2

¶5 When the Municipal Court ordered Woeppel to appear for re-sentencing, Michael filed a motion to continue because he was going to be out of town. The court granted the motion and rescheduled the hearing. On the date of the rescheduled hearing, Michael filed another motion to continue on the grounds he intended to file a writ of mandamus or petition for postconviction relief. The court granted this motion and again rescheduled the hearing. A few days before the rescheduled hearing, Michael filed another motion to continue, again stating his intent to file a writ of mandamus or petition for postconviction relief, as well as stating he would be unavailable. On the date of the rescheduled hearing, Michael filed a motion to withdraw on the grounds that new charges were pending against Woeppel and he believed he had a conflict of interest. Woeppel appeared in court by himself and the court re-imposed his sentence.

¶6 Woeppel hired another attorney who filed a petition for postconviction relief in the Montana Thirteenth Judicial District Court on the basis that he was denied effective assistance of counsel when his attorney failed to file a brief or pursue his appeal, and that he was denied his right to confront witnesses in the underlying case when his conviction was primarily based on hearsay testimony from the police officer. The City argued the petition should be denied because even if Michael had filed the appellate brief, there was no merit to Woeppel's confrontation clause argument, thus the error was not prejudicial. In arguing the confrontation clause issue, the City relied on the recent decisions of *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354 (2004), and *State v. Cameron*, 2005 MT 32, 326 Mont. 51, 106 P.3d 1189. Before Woeppel had a chance to reply, the District Court, relying on the City's legal analysis, summarily denied Woeppel's petition

3

for postconviction relief. We note that the postconviction petition was handled by Honorable Ingrid Gustafson, a different judge than handled the appeal from Municipal Court (Honorable Russell C. Fagg). Further, Judge Gustafson denied the petition for postconviction relief prior to our decision in *State v. Mizenko*, 2006 MT 11, 330 Mont. 299, 127 P.3d 458, and the United States Supreme Court decision in *Davis v. Washington*, ___ U.S. ___, 126 S. Ct. 2266 (2006). Woeppel appeals.

## STANDARD OF REVIEW

¶7      The standard of review of a trial court's denial of a petition for postconviction relief is whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Hope v. State*, 2003 MT 191, ¶ 13, 316 Mont. 497, ¶ 13, 74 P.3d 1039, ¶ 13. Claims of ineffective assistance of counsel are mixed questions of law and fact and are therefore reviewed *de novo*. *Garrett v. State*, 2005 MT 197, ¶ 9, 328 Mont. 165, ¶ 9, 119 P.3d 55, ¶ 9.

## DISCUSSION

¶8      Did the District Court err when it denied Woeppel's petition for postconviction relief?

¶9      Woeppel argues that he should be granted postconviction relief in the form of a new trial or reinstatement of his initial appeal on the basis that he received ineffective assistance of counsel when his attorney failed to file an initial appeal brief causing his appeal to be dismissed. Criminal defendants have a constitutionally protected right to reasonably effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984); U.S. Const. Amend. 6; Mont. Const. art. II, § 24. Pursuant to *Strickland*, a

4

defendant claiming ineffective assistance of counsel must show (1) that counsel's representation is deficient, and (2) that counsel's deficient performance prejudiced the defendant. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

¶10 The United States Supreme Court has applied this test to defendants claiming ineffective assistance of counsel for their attorney's failure to file a notice of appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77, 120 S. Ct. 1029, 1034 (2000). In *Roe*, the Supreme Court stated that a lawyer who fails to file a notice of appeal contrary to the defendant's request acts in a professionally unreasonable manner, thus meeting the first prong of the *Strickland* test. *Roe*, 528 U.S. at 477, 120 S. Ct. at 1035 (citing *Rodriquez v. United States*, 395 U.S. 327, 89 S. Ct. 1715 (1969)). In these circumstances, to show prejudice under the second prong of the *Strickland* test, a defendant must show that there is a reasonable probability that, but for counsel's deficient performance, the defendant would have appealed. A defendant can demonstrate that he or she would have appealed by presenting evidence that the defendant expressed a desire to appeal, or that there were nonfrivolous grounds for appeal. If a defendant objectively indicated intent to appeal, he or she is not required to demonstrate the merits of the underlying claim and is entitled to a new appeal. *Roe*, 528 U.S. at 484-86, 120 S. Ct. at 1038-39.

¶11 This Court has adopted the *Roe* standards, which provide that (1) failure to preserve a defendant's right to appeal when he has requested notice be filed is error; and (2) when, but for counsel's deficient performance, defendant would have appealed, such error is prejudicial. *State v. Rogers*, 2001 MT 165, ¶ 24, 306 Mont. 130, ¶ 24, 32 P.3d 724, ¶ 24. In *Rogers*, the Court noted that the defendant requested his attorney to file a

notice of appeal, which the attorney repeatedly refused. Further, at least one of the appeal issues had merit. *Rogers*, ¶ 27.

¶12 This Court followed *Roe* and *Rogers* in *State v. Adams*, 2002 MT 202, ¶ 17, 311 Mont. 202, ¶ 17, 54 P.3d 50, ¶ 17. In *Adams*, the defendant filed an affidavit stating he asked his attorney to appeal his conviction, which his attorney failed to do. Adams also contended that a letter from his attorney and a court order contained conflicting information that led him to believe that his opportunity to file a notice of appeal had passed. The Court concluded there was sufficient evidence that, but for counsel's deficient performance, Adams would have filed an appeal. *Adams*, ¶ 18.

¶13 Similarly, in *State v. Tweed*, 2002 MT 286, 312 Mont. 482, 59 P.3d 1105, the defendant's assertion that he requested his attorney to file an appeal was not disputed. *Tweed*, ¶ 16. This Court concluded that his counsel's error in failing to preserve Tweed's right to appeal was prejudicial *per se*. *Tweed*, ¶ 21.

¶14 In this case, a notice of appeal was filed, but the appeal was dismissed when Woeppel's attorney failed to perfect the appeal by filing a brief. The City concedes that this was error on Michael's part. Therefore, Woeppel meets the first requirement that his counsel's performance was deficient. However, the City argues that Woeppel was not prejudiced by his attorney's error because he had no grounds for appeal. As noted above, demonstrating that nonfrivolous grounds for appeal exist is one way to show that, but for counsel's deficient performance, the defendant would have appealed. Another way to show the defendant would have appealed is to demonstrate that the defendant objectively indicated his intent to appeal. Woeppel objectively indicated his intent to appeal in this

case as is evidenced by the fact that his trial attorney filed a notice of appeal.  It was only because of his appellate attorney's failure to file the brief that the appeal was dismissed. Because Michael's deficient performance prejudiced Woeppel, we do not need to discuss the merits of the underlying appeal.

¶15    Accordingly, we reverse the District Court's denial of postconviction relief and remand this case to the District Court for appellate review of any claims that Woeppel could have made on direct appeal had his counsel filed an appeal brief—including, but not limited to, his claim that, since his conviction was based primarily on hearsay testimony, he was denied his right to confront witnesses.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ PATRICIA COTTER