FILED

October 20 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0446

DA 14-0446

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 304N

TIMOTHY HOUSE,

        Petitioner and Appellant,

    v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                    In and For the County of Flathead, Cause No. DV-14-025B
                    Honorable Robert B. Allison, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Timothy M. House (self-represented); Deer Lodge, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant
                Attorney General; Helena, Montana

                Ed Corrigan, Flathead County Attorney, Travis R. Ahner, Deputy County
                Attorney; Kalispell, Montana

                Submitted on Briefs:  September 16, 2015
                                Decided:  October 20, 2015

Filed:

                                         Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Timothy House appeals the Eleventh Judicial District Court's denial of his petition for post-conviction relief. We affirm.

¶3 In March 2012, the State of Montana charged House with sexual intercourse without consent, a felony, in violation of § 45-5-503(1) and (2), MCA. On September 18, 2012, House signed an Acknowledgement and Waiver of Rights and Plea Agreement. House agreed that he would plead no contest to sexual intercourse without consent. The Acknowledgment and Waiver of Rights provided: "I understand that, assuming sufficient evidence in the record, my no-contest plea will result in my being held guilty of Sexual Intercourse Without Consent." In the Plea Agreement, House agreed to the State's recommended sentence of twenty years at Montana State Prison (MSP): seven years of which House would not be eligible for parole, and thirteen years suspended. The Plea Agreement also provided that House "shall complete" sexual offender programming (SOP) phases I and II "while at MSP."

¶4 On September 20, 2012, House entered a plea of no contest to sexual intercourse without consent. On January 3, 2013, the District Court held a sentencing hearing. The minute entry from that hearing reflects that House withdrew his no-contest plea and

2

entered a plea of guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160 (1970). At the sentencing hearing and in its February 15, 2013 Judgment and Sentence, the District Court sentenced House to twenty years at MSP, with thirteen years suspended and no parole for seven years. The District Court also directed House to complete SOP I and II. The completion of SOP II requires the offender to admit guilt. The District Court also imposed probation conditions. Condition 33 requires:

> The Defendant shall enter and successfully complete sexual offender treatment with [a Montana Sex Offender Treatment Association] clinical member or associate member with supervision . . . . The Defendant shall abide by all treatment rules and recommendations of the treatment provider.

Condition 34 requires House to follow all of the recommendations in his psychosexual evaluation.

¶5 On August 22, 2013, House filed a petition for an out-of-time appeal in this Court, alleging ineffective assistance of counsel because, House alleged, his counsel told him he had waived his right to appeal the conditions of his probation. We denied House's petition on September 11, 2013. We concluded that House failed to establish the existence of extraordinary circumstances that would amount to a gross miscarriage of justice if we denied the untimely appeal because House did not identify any illegal conditions of probation, and he did not assert that his plea was involuntarily entered or that he preserved any record-based issues for appeal.

¶6 On January 9, 2014, House filed a petition for post-conviction relief. House contended that his counsel was ineffective because he allegedly did not inform House that House would be required to admit guilt to complete SOP II and did not object to that

3

condition of his sentence. On May 12, 2014, the District Court denied House's petition. The District Court concluded that, while petitioning for post-conviction review—rather than a direct appeal—was the appropriate procedure, House failed to establish a prima facie entitlement to post-conviction relief. Considering all circumstances of the case, the District Court concluded that House's counsel's conduct was reasonable under the prevailing professional norms. The District Court further concluded that House had not demonstrated "how his sentence would have differed but for his attorney's alleged omissions. Had [House pled] guilty or [pled] not guilty and been convicted at trial, his evaluation and treatment recommendation would have been the same and he would have been required to complete [SOP] II."

¶7      On appeal, House contends that his trial counsel was ineffective for three reasons: (1) counsel allowed House to enter a no-contest plea despite the sentencing requirement that he participate in SOP II; (2) counsel failed to object to the District Court's imposition of Condition 33; and (3) counsel did not file a notice of appeal.

¶8      We review de novo a defendant's claims of ineffective assistance of counsel. *Baca v. State*, 2008 MT 371, ¶ 8, 346 Mont. 474, 197 P.3d 948 (citation omitted). In doing so, we apply a two-prong test set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *Whitlow v. State*, 2008 MT 140, ¶ 10, 343 Mont. 90, 183 P.3d 861. "[A] defendant must prove (1) that counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the defense." *Whitlow*, ¶ 10 (citation omitted). The defendant must satisfy both prongs to prevail on an ineffective assistance of counsel claim. *Whitlow*, ¶ 11

4

(citation omitted). Under the first prong, a counsel's performance is deficient if it falls "below an objective standard of reasonableness measured under prevailing professional norms and in light of the surrounding circumstances." *Whitlow*, ¶ 20. There is "a strong presumption that counsel's actions fell within the broad range of reasonable professional assistance." *Baca*, ¶ 17. Under the second prong, "[i]n the context of a guilty plea, prejudice is established if the petitioner demonstrates that, but for his counsel's deficient performance, he would not have pled guilty and would have insisted on going to trial." *State v. Wright*, 2001 MT 282, ¶ 11, 307 Mont. 349, 42 P.3d 753 (citation omitted).

¶9 First, House contends that his counsel was ineffective by allowing him to enter an Alford plea despite the sentencing requirement that he complete SOP II.[1] Although House contends that the District Court's acceptance of his Alford plea violated § 46-12-212, MCA, House has not moved to withdraw his plea.[2] Rather, House requests that this Court strike the condition of his plea requiring him to complete SOP II and Condition 33 of the District Court's Judgment and Sentence. House has not alleged that, but for his counsel's allegedly deficient performance, he would not have pled guilty. *See Wright*, ¶ 11. He therefore has not established the second prong of the *Strickland* test: he

---

[1] House also infers that the District Court erred in initially accepting his no-contest plea in violation of § 46-12-204(4), MCA. Prior to sentencing, the District Court allowed House to change his no-contest plea to an Alford plea. House contends that the District Court's acceptance of his Alford plea did not resolve the alleged conflict between House's claim that he was innocent and the SOP II requirement of admitting guilt. However, he has not argued that his rights were violated by the District Court's initial acceptance of his no-contest plea.

[2] In his reply brief, House appears to contend that the sentencing judge gave no reason for imposing a seven-year prison sentence with no parole and, thus, that the sentence was illegal. But that is the exact sentence House voluntarily agreed to in his plea bargain. Further, House did not raise this issue in his Petition for Post-Conviction Relief, and he does not seek revocation of his Alford plea on appeal.

has not demonstrated that his defense was prejudiced by his counsel's allegedly deficient performance in advising House that he would be allowed to maintain his innocence. *See Whitlow*, ¶ 10.[3]

¶10 Next, House contends that his counsel was ineffective in failing to object to the District Court's imposition of Condition 33. However, Condition 33 is mandated by § 46-18-207(5)(d), MCA. That statute provides:

> If, following a conviction for a sexual offense . . . , any portion of a person's sentence is suspended, during the suspended portion of the sentence the person . . . shall comply with all the requirements and conditions of sexual offender treatment as directed by the person's sex offender therapist[.]

Section 46-18-207(5)(d), MCA. Since the imposition of Condition 33 was statutorily mandated, House's counsel was not ineffective by declining to object to it. *See Heddings v. State*, 2011 MT 228, ¶ 33, 362 Mont. 90, 265 P.3d 600 (holding that an ineffective-assistance-of-counsel claim "will not succeed when predicated upon counsel's failure to make motions or objections which, under the circumstances, would have been frivolous, . . . without procedural or substantive merit, or . . . would likely not have changed the outcome of the proceeding").

¶11 Finally, House contends that his counsel was ineffective for not filing a notice of appeal. Defense counsel is deficient when he or she fails to preserve a defendant's right

---

[3] House also appears to argue that his plea colloquy was inadequate, citing *State v. Frazier*, 2007 MT 40, ¶ 21, 336 Mont. 81, 153 P.3d 18 ("If a defendant is unwilling to admit to any element of the offense, the court must reject the guilty plea or treat the plea as an 'Alford plea' . . . , which requires strong evidence of guilt.") (citation and internal quotation marks omitted). House contends, "There was no evidence offered in lieu of Mr. House's claim of innocence." House did not raise this argument in his petition for post-conviction relief and, therefore, we will not address it on appeal. *See Fletcher v. State*, 2013 MT 266, ¶ 9, 372 Mont. 22, 309 P.3d 998 ("We do not review issues raised for the first time on appeal.").

to appeal after the defendant has requested notice to be filed. *Woeppel v. City of Billings*, 2006 MT 283, ¶ 10, 334 Mont. 306, 146 P.3d 789 (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029 (2000)). Counsel must consult with a defendant about an appeal "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that [the] defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe*, 528 U.S. at 480, 120 S. Ct. at 1036. House has presented no evidence that he directed counsel to appeal his conviction or that counsel did not consult with him. House agreed to completing SOP I and II while at MSP and did not object to that requirement when his sentence was imposed. Further, House has not requested to withdraw his Alford plea, and he has not argued on appeal that his plea bargain should be revoked. Given that House's sentence mirrored the plea agreement that House voluntarily entered into, House's attorney had no independent indication that House might wish to appeal. House has not stated a claim for which relief may be granted.

¶12 In his reply brief, House contends that, should this Court determine that he is required to complete SOP II, he should not be required to do so until after his release from MSP. House's plea agreement provides, "Defendant shall complete SOP I & II while at MSP." However, the District Court's Judgment and Sentence requires House to "enter and successfully complete sexual offender treatment" but does not state whether this requirement must be met before House is released from MSP. According to House, he has completed SOP I and currently is on a waitlist to complete SOP II. In order to present a justiciable controversy, a petitioner must have "existing and genuine, as

7

distinguished from theoretical, rights or interests." *Gryczan v. State*, 283 Mont. 433, 442, 942 P.2d 112, 117 (1997). House has not demonstrated that he will be unable to complete SOP II before he is released from MSP in 2020. He has not alleged that he has been denied release or threatened with revocation if he does not complete SOP II while at MSP. House therefore asserts a hypothetical future injury and has not presented a justiciable controversy.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's findings of fact are not clearly erroneous, and its interpretation and application of the law were correct. We affirm.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE